So Ordered.

Signed this 20 day of December, 2018.

_____

Margaret Cangilos-Ruiz

United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Case Nos. |
| CENTERSTONE LINEN SERVICES, LLC, | ) 18-31754 (main case) |
| ATLAS HEALTH CARE LINEN SERVICES CO., LLC, | ) 18-31753 |
| ALLIANCE LAUNDRY & TEXTILE SERVICE, LLC, | ) 18-31755 |
| ALLIANCE LAUNDRY AND TEXTILE SERVICE OF ATLANTA, LLC, and | ) 18-31756 |
| ALLIANCE LTS WINCHESTER, LLC | ) 18-31757 |
| *d/b/a Clarus Linen Systems*[1], | ) |
| | ) Chapter 11 Cases |
| Debtors. | ) Jointly Administered |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY PREPETITION WAGES, SALARIES AND BENEFITS, (II) AUTHORIZING THE CONTINUATION OF EMPLOYEE BENEFIT PROGRAMS IN THE ORDINARY COURSE OF BUSINESS AND (III) DIRECTING BANKS TO HONOR PREPETITION CHECKS FOR PAYMENT OF PREPETITION WAGE, SALARY AND BENEFIT OBLIGATIONS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594) ("Centerstone"); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681) ("Atlas"); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284) ("Alliance"); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065) ("Atlanta"); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892) ("Winchester").

3254351.3

Upon the Motion dated December 19, 2018 (the "Motion"),[2] wherein the above-captioned debtors and debtors in possession (collectively, the "Debtors"), moved this Court for an Order pursuant to sections 105(a), 363(b)(1), 507(a)(4), 507(a)(5), 1107(a) and 1108 of the Bankruptcy Code, (i) authorizing, but not directing, the Debtors to pay Prepetition Wages and Benefits in the ordinary course of business, (ii) authorizing, but not directing, the Debtors to continue the Employee Benefit Programs in the ordinary course of business; and (iii) directing all banks to honor prepetition checks for the payment of Prepetition Wages and Benefits; and upon the *Affidavit of John J. Giardino In Support of Chapter 11 Petitions and First Day Motions*; and the Court having held a hearing concerning the Motion on December 20, 2018 in Syracuse, New York; and the Court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C.§ 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and upon the record herein after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED, effective as of the Petition Date.

2. The Debtors are authorized, but not directed, to pay or otherwise honor the Prepetition Wages and Benefits, as described in the Motion, to, or for the benefit of, the employees, and to continue the maintenance of all Employee Benefit Programs in the ordinary course of their business operations, provided, however that such payment, continuance of such programs, other honoring of such Prepetition Wages and Benefits, or entry of this Order shall not make such obligations (including, without limitation, severance pay, vacation pay and paid time

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

3254351.3

off) administrative expenses of the estate entitled to priority status under sections 507 and 503 of the Bankruptcy Code.

3. In accordance with this Order and any other Order of this Court, HSBC USA Bank, National Association, and any other bank or financial institution at which the Debtors maintain accounts, is authorized and directed to honor checks presented for payment, and to honor all funds transfer requests made by the Debtors related to the payments authorized by this Order, to the extent that sufficient funds are on deposit in such accounts or related funding accounts.

4. The Debtors may pay to the appropriate parties any and all amounts withheld from the pay of employees, including, but not limited to, Social Security, FICA, federal, state and local income taxes, garnishments, health care payments, charitable donations and other types of withholding, whether these relate to the period prior to the date of the Debtors' chapter 11 filings or subsequent thereto.

5. The Debtors are authorized, but not directed, to pay prepetition amounts owing in the ordinary course of business to third parties in connection with maintaining and providing record keeping services relating to the various Employee Benefit Plans.

6. Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Order.

7. Neither the provisions of this Order, nor any payments made by the Debtors pursuant to the Motion or this Order, shall be deemed to change the classification of any claim or to in any way change the rights or create new rights of any employee or other person.

8. The authority granted hereunder with respect to Prepetition Wages and Employee Benefit Programs shall not apply to prospective future payments following any potential cessation of the Debtors' operations if such an event should occur.

9. Neither the provisions of this Order, nor any payments made by the Debtors pursuant to the Motion or this Order, shall be deemed an assumption of any Employee Benefit Plan, program or contract, or otherwise affect the Debtors' rights under 11 U.S.C. § 365(a) to assume or reject any executory contract between the Debtors and any employee.

10. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any party.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be effective and enforceable immediately upon its entry. Any subsequent modification or vacatur of this Order shall not invalidate or impair any actions taken pursuant to this Order prior to such modification or vacatur.

12. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

13. Nothing in the Motion or this Order shall be construed as impairing the Debtors' right to contest the validity, priority or amount of any claim pursuant to applicable law or otherwise dispute, contest, setoff or recoup any claim, or assert any rights, claims or defenses related thereto.

14. Notwithstanding anything to the contrary in this Order, any payment made or to be made under this Order, and any authorization contained in this Order, shall be subject to the requirements imposed on the Debtors under any order(s) of the Court approving the Debtors'

debtor-in-possession financing facility and use of cash collateral and any budget in connection therewith.

15. The Debtors are hereby authorized and empowered to take all actions they determine are necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16. A copy of this Order shall be served upon the (i) the Office of the United States Trustee for the Northern District of New York; (ii) counsel for HSBC Bank USA, National Association; (iii) all required governmental agencies; and (iv) the twenty largest unsecured creditors in each Debtor's case, by first class mail on or before December 22, 2018.

18. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #