| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF NEW YORK<br>--------------------------------------------------------- | Hearing Date: January 11, 2019<br>Hearing Time: 11:00 a.m.<br>Hearing Location: Syracuse, New York |

In re:

CENTERSTONE LINEN SERVICES, LLC,           Case No. 18-31754 (Main Case)
*et al*.,                                                            Chapter 11
                            Debtor.
---------------------------------------------------------

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS'
MOTION FOR ORDER APPROVING BIDDING PROCEDURES IN CONNECTION
WITH THE SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS AND THE
SALE OF ALL OF THE DEBTOR'S ASSETS OUTSIDE THE ORGINARY COUSE
OF BUSINESS, FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES
AND OTHER RELATED RELIEF**

TO THE HONORABLE MARGARET CANGILOS-RUIZ, UNITED STATES BANKRUPTCY JUDGE:

       William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), in furtherance of his duties and responsibilities, set forth in 28 U.S.C. §§ 586(a)(3),(5), submits this objection to the motion by Centerstone Linen Services, LLC, *et al*., seeking, among other things, approval of bidding procedures in connection with the sale of substantially all of the Debtors' assets and approval of a form of a certain asset purchase agreement and other related relief (hereinafter "Motion"). In support of this objection, the United States Trustee respectfully submits as follows:

**BACKGROUND**

       1.       On December 19, 2018, ("Petition Date"), Centerstone Linen Services, LLC filed a voluntary chapter 11 petition for relief under Title 11 of the United States Code (the "Bankruptcy Code").

1

2.     The Debtors continue to operate as a debtor in possession under Sections 1107(a) and 1108 of the Bankruptcy Code.

3.     No committee of unsecured creditors ("Committee") has been appointed at this time.

4.     The Motion was filed on December 21, 2018 and seeks approval of the sale of substantially all of Debtors' assets and approval of certain bidding procedures and other related relief, pursuant to a form Asset Purchase Agreement ("APA").

5.     Debtors seek approval of a bidding procedure at a hearing to be held on January 11, 2019 and a sale of substantially all the assets on February 23, 2019.  Inasmuch as the Motion addresses elements of both the bidding process and sale, the Objection herein addresses the Motion in its entirety.

## RELEVANT AUTHORITY

6.     Section 363(b) of the Bankruptcy Code provides that a debtor-in-possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate".  11 U.S.C. § 363.

7.     When a debtor seeks to sell substantially all of its assets outside of a plan of reorganization or liquidation, the Second Circuit requires that the decision to sell assets outside the ordinary course of business be based upon the sound business judgment of the debtor.  *See In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1992); *Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir.); *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996).

8. As such, the court must find that the debtor has a "good business reason" to grant a sale under 11 U.S.C. § 363 outside the ordinary course of business. The relevant factors in consideration of such a request to sell assets include:

> [t]he proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-a-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value.

*In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

9. The applicant bears the burden of demonstrating that the proposed sale will aid in the debtor's reorganization and is supported by good business judgment. *See In re Ionosphere Clubs, Inc.,* 100 B.R. 670, 677 (Bankr.S.D.N.Y.1989). Once the debtor has met this burden, a presumption arises that the decision was made on an informed basis, in good faith, and in the honest belief that the action was in the best interests of the debtor. *See In re Residential Capital, LLC, et al.,* 2013 WL 3286198 (Bankr. S.D.N.Y. 2013) (quoting *Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992)).

10. A sale of substantially all of a debtor's assets outside of a plan must still provide creditors with the protections afforded under the Bankruptcy Code including adequate notice and information. *See In re Naron & Wagner, Chartered*, 88 B.R. 85, 87-90 (Bankr. D. Md. 1988) (citing *Lionel Corp.*). Where a Chapter 11 debtor is liquidating all or substantially all its assets without providing unsecured creditors with adequate information pursuant to 11 U.S.C. § 1125, unsecured creditors are not offered an opportunity to protect their interests through the Chapter 11 voting and confirmation process. *Id*.

## **The Bidding Procedures are Unreasonable**

11. The Debtors propose a substantial stalking horse breakup fee to be paid to in the event that Purchaser is not the successful bidder at the relevant auction. Breakup fees should not be a windfall and should represent a reimbursement of costs and expenses incurred by the stalking horse in formulating its offer or in facilitating the bid process. *In re Jon J. Peterson, Inc.*, 411 B.R. 131 (Bankr. W.D.N.Y. 2009). The Court should only allow the breakup fee to the extent it serves the best interest of the estate and is otherwise fair. *Id.*

12. A 3% breakup fee in addition to an expense reimbursement of $200,000 is unreasonable. However, the terms of APA and Motion are inconsistent. The Motion indicates that the Purchaser would be entitled to both the breakup fee and the expense reimbursement. The APA, however, states that the Purchaser is entitled to up to a $200,000 expense reimbursement in the event of a breach by Debtors. The Debtors should clarify this discrepancy

13. In addition, the Motion fails to sufficiently define the terms of Debtors' breach of the APA, including what constitutes a breach or the resulting events of a breach.

14. In the event the Court does approve breakup fees, in any amount, the United States Trustee objects to the payment of the breakup fees as outlined in paragraph 7.4 of the APA. This provision effectively creates a "superpriority" status to breakup fees against any and all assets of the Debtors, including carve-outs and bankruptcy claims. The United States Trustee submits that this provision should not be approved.

## **No Benefit to the Estate**

15. A sale that is solely for the benefit of secured creditors violates the underlying principles of the Bankruptcy Code. *See, e.g., In re Lionel*, 722 F.2d at 1071; *In re Fremont Battery Co.*, 73 B.R. 277, 279 (Bankr. N.D. Ohio 1987).

16. Indeed, the principal goal of the reorganization provisions of the Bankruptcy Code is to benefit all creditors of the Chapter 11 debtor by preserving going concern values and thereby enhancing the amounts recovered by all creditors. *See In re Timbers of Inwood Forest Associates, Ltd.,* 808 F.2d 363, 373 (5th Cir. 1987), aff'd, 484 U.S. 365 (1988).

17. The senior secured creditor should not be the sole beneficiary of the sale. However, should this Court find that the sale satisfies the Second Circuit's sound business judgment standard; the sale should provide both adequate funds through the use of cash collateral and DIP financing (if necessary) and a sufficient carve-out for payment for administrative expenses and professional fees through closure of the case and for general pre-petition unsecured creditors. Absent these provisions, the estate bears a significant burden to the detriment of unsecured creditors and risks absolute administrative insolvency.

### **Reservation of Rights**

18. The United States Trustee hereby reserves the right to supplement this Objection prior to the date of the sale hearing and to assert such other grounds as may become apparent upon further information.

**WHEREFORE** the United States Trustee requests that the Court deny the Motion, together with any other and further relief the Court may deem just and necessary.

Dated: January 8, 2019
      Utica, New York

                                Respectfully submitted,
                                **WILLIAM K. HARRINGTON**
                                **UNITED STATES**
                                **TRUSTEE FOR REGION 2**

                                By:    /s/ Guy A. Van Baalen
                                Guy A. Van Baalen, Esq.
                                Assistant United States Trustee
                                105 U.S. Courthouse & Federal Building
                                Utica, New York 13501
                                (315) 793-8191