Hearing Date: January 11, 2019
Hearing Time: 11:00 a.m.
Hearing Location: Syracuse, NY

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case Nos. |
| CENTERSTONE LINEN SERVICES, LLC, | ) 18-31754 (main case) |
| ATLAS HEALTH CARE LINEN SERVICES CO., LLC, | ) 18-31753 |
| ALLIANCE LAUNDRY & TEXTILE SERVICE, LLC, | ) 18-31755 |
| ALLIANCE LAUNDRY AND TEXTILE SERVICE OF | ) 18-31756 |
| ATLANTA, LLC, and | ) |
| ALLIANCE LTS WINCHESTER, LLC | ) 18-31757 |
| *d/b/a Clarus Linen Systems*[1], | ) |
| | ) Chapter 11 Cases |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |

## DECLARATION OF JOHN J. GIARDINO IN FURTHER SUPPORT OF DEBTORS' MOTION FOR ORDER AUTHORIZING PAYMENT OF PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS

Pursuant to 28 U.S.C. § 1746, John J. Giardino, hereby declares and says as follows:

1.      I am the Chief Executive Officer of debtors Centerstone Linen Services, LLC d/b/a Clarus Linen Systems, Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems, Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems, Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Business Systems and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (collectively, the "Debtors"). In such capacity, I am familiar with the Debtors, their businesses, operations and financial affairs and I am qualified to make this Declaration on behalf of the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594) ("Centerstone"); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681) ("Atlas"); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284) ("Alliance"); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065) ("Atlanta"); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892) ("Winchester").

3279924.2

2.    On December 19, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*, the "Bankruptcy Code") with the United States Bankruptcy Court for the Northern District of New York (the "Court"), commencing the Debtors' chapter 11 cases (these "Chapter 11 Cases").    The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for a trustee or examiner has been made in these Chapter 11 Cases and, as of the date of the filing of this Declaration, no official committees have been appointed or designated.

3.    On December 28, 2018, the Debtors filed a *Motion for Order Authorizing Payment of Prepetition Claims of Certain Critical Vendors* (the "Critical Vendor Motion") pursuant to which the Debtors seek authority to continue paying, pursuant to prepetition agreements, prepetition amounts owed to "critical vendors" Standard Textile Co., Inc. ("Standard Textile") and American Associated Companies, Inc. ("AACO") which, in the Debtors' reasonable judgment, are necessary to prevent the disruption of the Debtors' operations (the "Critical Vendors").

4.    The Debtors provide very specific healthcare linen products to hospitals, clinics, and physician offices and in so doing meet high standards for infection prevention as promulgated by OSHA, The Joint Commission of Standards for Hospitals, and the Healthcare Laundry Accreditation Council.  The linen products provided are typically specified by our healthcare accounts to meet their clinical needs for patient care. These products include patient gowns, pediatric linens, physician and nurse scrub uniforms, operating room linens, surgical drapes, underpads, bed linens, and bath blankets and other bath linens.  The Debtors' plants in Syracuse and Buffalo, New York; Spartanburg, South Carolina; Albany, Georgia; and East Point,

3279924.2

Georgia currently serve approximately 450 healthcare facilities. The Debtors deliver specific quantities of the designated linens to these facilities several times daily, pick up soiled linens to be laundered, and re-deliver the linens to the customer.

5.    Many of our customer contracts specify products made from special materials manufactured only by Standard Textile or AACO. Unlike generic linens provided to customers in the hospitality industry, healthcare linens are selected, usually by nursing staff, for hygienic, clinical or infection control purposes and are specified and approved through the internal decision-making processes of the healthcare facility. In addition, many customers require that certain items, such as patient hospital gowns, physician scrub uniforms, operating room linens, and pediatric linens, be of a uniform style across their facilities or across individual departments.

6.    An unfortunate aspect of the Debtors' business is the fact that many individual linen items are not returned to the Debtors, but rather are lost, thrown away or sent home with patients in the ordinary course of the customers' businesses. In 2018, the Debtors lost 5-7% of their $45 million in sales (approximately $3-4 million) to such "shrinkage". The Debtors, therefore, must replenish their linen inventory by purchasing approximately $150,000.00 worth of new linens each week from suppliers in order to ensure that they are able to fulfill the quantity requirements under individual customer contracts. The Debtors currently purchase approximately 70% of their linen inventory from Standard Textile and purchase approximately 20% in their inventory from AACO. Other linen products specified by healthcare customers are sourced as directed by the customer.

7.    On or around December 24, 2018, both Standard Textile and AACO informed the Debtors that they would stop supplying linen products to the Debtors unless they were granted critical vendor status and the Debtors resumed payments to them under their respective promissory notes. In response, the Debtors filed the Critical Vendor Motion on December 28,

2018.  As a result of filing the Motion, both Standard Textile and AACO released linen orders to the Debtors during the first week of January 2019.  Both companies are unwilling to release any further orders unless they are granted critical vendor status.

8.    On December 26, 2018, I spoke with Larry Mallam, President, and Jon Scala, Vice President, of AACO, who advised me that AACO will not sell any more linen products to the Debtors unless the Debtors resume the $7,500.00 weekly payments under the AACO Note, and continue to pay for linens purchased from AACO on a cash-in-advance basis.

9.    On December 27, 2018, I had a conference call with executives of Standard Textile who advised that they would suspend sales of linens to Debtors unless granted critical vendor status.  In that discussion, I was able to gain consent to an interim shipment of goods provided that the present Motion was filed before year-end and I agreed to meet with the Standard Textile Executives within the next ten days.

10.    On January 7, 2019, I travelled to Standard Textile's headquarters in Cincinnati, Ohio and met with Norman Frankel, Senior Vice President for Sales, Bradley Fry, Chief Financial Officer and Walter Spiegel, General Counsel, to discuss Standard Textile's request for critical vendor treatment and the Debtors' proposed reorganization under their chapter 11 cases.

11.    During and then after that meeting, the Standard Textile representatives informed me that Standard Textile will not sell any more linen products to the Debtors unless: (i) the Debtors resume the $15,000.00 weekly payment under the Standard Textile Note; (ii) the Debtors continue to purchase linen products on a cash-in-advance basis as required under the Standard Textile Note; and (iii) the Debtors waive the recovery, under chapter 5 of the Bankruptcy Code, of any allegedly avoidable payments made to Standard Textile prior to the Petition Date.

3279924.2

12.    I proposed a lesser amount for the weekly payment during the pendency of the chapter 11 proceedings, but Standard Textile rejected that proposal.

13.    During the 90-day period prior to the Petition Date, the Debtors paid approximately $190,000.00 to Standard Textile and paid approximately $97,500.00 to AACO under the terms of the Standard Textile Note and AACO Note, respectively.

14.    The Debtors purchase the majority of their linens from Standard Textile and AACO because these products are specified by the Debtors' customers and are currently in service to their medical staff and patients.  To change these products would require review and approval by these healthcare facilities which would take weeks, if not longer, and potentially cause further concern, distrust, and dissatisfaction with our company's services.

15.    During the past week, I have met with several hospitals who have specifically stated their expectation that the linen products they currently receive will not change as a result of our filing the chapter 11 proceedings.

16.    Of additional concern is that many customer contracts contain clauses permitting the customer to cancel the contract on 30 or 60 days' notice, without cause.  If the Debtors are unable to procure and deliver the specified linen goods from Standard Textile or AACO, the Debtors' operations are at risk of cancellation of service contracts.

17.    In short, an uninterrupted supply of the linen products we currently purchase which are accepted by and in service to the healthcare facilities we service is crucial and necessary to maintaining our contracts in good standing and the provision of patient care within these healthcare.

18.    The linen products provided by Standard Textile and AACO would be difficult and expensive to replace.  Resuming payment of the prepetition claims under the Standard Textile Note and AACO Note is vital because the goods provided by Standard Textile and

3279924.2

AACO are the only source from which the Debtors can procure certain goods, and the failure to pay them would, in the business judgment of the Debtors, result in Standard Textile and AACO refusing to provide linen goods to the Debtors, which would in turn result in the Debtors being forced to obtain goods or services elsewhere that would either be at a higher price or not of the quantity or quality required by the Debtors. Standard Textile and AACO provide goods without which the Debtors cannot operate, which the Debtors are unable to produce themselves and which would require an unduly burdensome amount of time and expense to obtain from another source.

19.     The Debtors propose to pay the weekly prepetition payments to Standard Textile and AACO until the earlier of (i) the cessation of the Debtors' operations or (ii) the last closing of the Debtors' asset sales. Debtors close the sales of all their assets. Debtor Alliance Laundry & Textile Service, LLC currently has a motion pending to sell substantially all of its assets (the "southern assets") to Crown Health Care Linen Service, LLC. Alliance anticipates that the sale of the southern assets will close during mid-February. The Debtors are also close to finalizing the terms of a Letter of Intent for the "northern assets" owned by debtor Atlas Health Care Linen Service Co., LLC and anticipate executing an asset purchase agreement and filing a motion to approve the sale of those assets by the end of January. The closing of that sale should occur in March.

20.     The granting of the proposed critical vendor status to Standard Textile and AACO will ensure the Debtors' continued business operations and will protect their going concern value, thereby benefitting all creditors in these cases.

21.     The Debtors therefore request that the Court grant the relief requested in the Critical Vendor Motion and authorize the Debtors (i) to continue paying, on a weekly basis, the prepetition claims owed to Standard Textile and AACO pursuant to the terms of the Standard

3279924.2

Textile Note and AACO Note, respectively; (ii) to continue purchasing new linen products from Standard Textile and AACO on a cash-in-advance basis; and (iii) to waive the recovery, under chapter 5 of the Bankruptcy Code, of any allegedly avoidable payments made to Standard Textile and AACO prior to the Petition date.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on January 10, 2019.

John J. Giardino

3279924.2