UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Case Nos. |
| CENTERSTONE LINEN SERVICES, LLC, | ) 18-31754 (main case) |
| ATLAS HEALTH CARE LINEN SERVICES CO., LLC, | ) 18-31753 |
| ALLIANCE LAUNDRY & TEXTILE SERVICE, LLC, | ) 18-31755 |
| ALLIANCE LAUNDRY AND TEXTILE SERVICE OF ATLANTA, LLC, and | ) 18-31756 |
| ALLIANCE LTS WINCHESTER, LLC | ) 18-31757 |
| d/b/a Clarus Linen Systems[1], | ) |
| | ) Chapter 11 Cases |
| Debtors. | ) Jointly Administered |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PURESTAR GROUP TO DEBTORS' MOTION FOR ORDERS (A) (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF ALLIANCE'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, SUBJECT TO THE TERMS OF THE ASSET PURCHASE AGREEMENT AND SUBJECT TO HIGHER AND/OR BETTER OFFERS; (II) AUTHORIZING AND APPROVING THE FORM OF A CERTAIN ASSET PURCHASE AGREEMENT WITH CROWN HEALTH CARE LAUNDRY SERVICES, LLC; AND (III) AUTHORIZING ALLIANCE TO CONSUMMATE ALL TRANSACTIONS RELATED TO THE PROPOSED SALE; (B) APPROVING BIDDING PROCEDURES AND OTHER RELATED RELIEF; AND (C) AUTHORIZING ALLIANCE TO ASSUME CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND ASSIGN SUCH CONTRACTS AND LEASES TO PURCHASER CROWN HEALTH CARE LAUNDRY SERVICES, LLC**

AMCP Clean Acquisition Company d/b/a PureStar ("PureStar"), by and through their counsel, Harris Beach PLLC, hereby submits this Reservation of Rights and Limited Objection (the "Limited Objection") in connection with the approval of Debtors' Motion for Orders (A) Authorizing The Sale Of Substantially All Of Alliance's Assets Free And Clear Of All Liens,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594) ("Centerstone"); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681) ("Atlas"); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284) ("Alliance"); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065) ("Atlanta"); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892) ("Winchester").

Claims, Interests And Encumbrances, Subject To The Terms Of The Asset Purchase Agreement And Subject To Higher And/Or Better Offers; (II) Authorizing And Approving The Form Of A Certain Asset Purchase Agreement With Crown Health Care Laundry Services, LLC; And (III) Authorizing Alliance To Consummate All Transactions Related To The Proposed Sale; (B) Approving Bidding Procedures And Other Related Relief; And (C) Authorizing Alliance To Assume Certain Executory Contracts And Unexpired Leases And Assign Such Contracts And Leases To Purchaser Crown Health Care Laundry Services, LLC (the "Sale Motion").

In support of its Limited Objection, PureStar states as follows:

1. On December 21, 2018, the Debtors filed the Sale Motion which, among other things, seeks to sell substantially all of the Debtor's assets through a proposed form APA.

2. The Debtors and PureStar have been in negotiations regarding 1) certain provisions contained in the proposed Bid Procedures Order and 2) certain issues concerning what the Debtors have classified as Excluded Assets in the proposed form APA.[2] These negotiations are ongoing and PureStar hopes that this matter can be resolved consensually prior to tomorrow's hearing. PureStar's counsel sent a proposed revised Bid Procedure Order to the Debtors on January 9, 2019, addressing its concerns regarding the current notice (or lack thereof) to all interested third party purchasers to the extent the definition of Purchased Assets is modified by the Debtors just days prior to the Bid Deadline. We are currently waiting to hear back as to whether or not those proposed changes are acceptable to the Debtors, the Stalking Horse, and other interested parties. However, in an abundance of caution, PureStar submits this Limited Objection to preserve its rights in the event that these issues are not resolved prior to tomorrow's hearing.

---

[2] All capitalized terms not defined herein have the meaning ascribed to them in the Sale Motion.

2

3. Specifically, PureStar objects to the Sale Motion to the extent that the Proposed Bid Procedure Order does not give all parties notice of what will be sold through the proposed Purchased Agreement. Currently, the Atlanta PP&E is included in Appendix 1.1(b) of the APA as an Excluded Asset. As drafted, section 1.1(c) of the form APA provides that Crown Health Care Laundry Services will be the only party to receive notice "no later than five (5) days prior to the Bid Deadline" of whether the Debtors' intend to re-designate the Atlanta PP&E as a Purchased Asset (which is currently listed as an Excluded Asset on Appendix 1.1(b) of the APA). This provision should not be buried in the APA and this notice should be given to *all* parties identified in paragraph 10 of the current version of the Bid Procedure Order prior to the Bid Deadline, not just the Stalking Horse. The Bid Procedure Order should provide that *all* interested parties will receive five (5) days written notice if the Debtors' intend to re designate the Atlanta PP&E as a Purchased Asset.

4. In addition, PureStar also objects to the proposed form APA on the grounds that Appendix 1.1(b) (the "Excluded Asset List") may be deficient. PureStar believes that certain of the Debtors' assets are not currently listed as Excluded Assets that otherwise should be. We believe based upon discussions with SSG that this was merely an oversight, but want to make certain that both the "Excluded Asset" and "Purchased Asset" lists are accurate prior to the Bid Deadline, so that *everyone* knows whether to bid at the Auction for the Purchased Assets or seek to purchase the Excluded Assets through a 363 sale or other means. It is our understanding that PureStar's concerns will be remedied on this point also, but PureStar has yet to receive a revised Excluded Asset List from the Debtors. Therefore, PureStar reserves its rights to object to the Sale Motion and the proposed Bid Procedure Order to the extent that the Excluded Asset List and/or Purchased Asset List does not currently reflect what is to be sold at the Auction.

5. Further, PureStar reserves the right to supplement this Limited Objection at any time prior to the hearing on the approval of the Sale Motion. PureStar also reserves its rights to raise additional objections to the Sale Motion, as well as to join in and adopt as its own, other objections, at or prior to the hearing or any subsequent hearing.

WHEREFORE, PureStar. respectfully requests that the Court modify the proposed Bid Procedure Order as described above, reserve all rights of PureStar, and for such other and further relief as is just and proper.

Dated: January 10, 2019               Respectfully submitted,

*Kelly C. Griffith*
Harris Beach PLLC
Kelly C. Griffith, Esq. (Bar Roll No. 512814)
333 West Washington St.
Suite 200
Syracuse, NY 13202
(315) 423-7100
(315) 422-9331 (fax)
kgriffith@harrisbeach.com
lwoodard@harrisbeach.com

*Counsel for PureStar Group*