| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF NEW YORK | Hearing Date: January 11, 2019<br>Hearing Time: 11:00 a.m.<br>Hearing Location: Syracuse, NY |

In re

    CENTERSTONE LINEN SERVICES, LLC

    d/b/a Clarus Linen Systems, *et al,*[1]

                                      Debtor.

Case No.: 18-31754
Main Case
Chapter 11 Cases
Jointly Administered

## OBJECTION TO MOTION FOR AN ORDER AUTHORIZING PAYMENT OF PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS

**ACN COMPANIES, LLC,** by and through its attorneys, Bousquet Holstein, PLLC, for its Objection to Debtors' Motion for an Order Authorizing Payment of Prepetition Claims of Certain Critical Vendors, respectfully represents:

    1.      This is an Objection by ACN Companies, LLC to *Debtors' Motion for an Order Authorizing Payment of Prepetiton Claims of Certain Critical Vendors* (Main Case Docket No. 64, filed December 28, 2019*)* (the "Motion").

    2.      On December 19, 2018, Centerstone Linen Services, LLC ("Centerstone") and other debtors filed a voluntary Chapter 11 petition for relief under Title 11 of the United States Code (the "Bankruptcy Code").

    3.      The Debtors continue to operate as debtors in possession under Sections 1107(a) and 1108 of the Bankruptcy Code.

    4.      No committee of unsecured creditors ("Committee") has been appointed at

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594) ("Centerstone"); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681) ("Atlas"); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284) (Alliance"); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065) ("Atlanta"); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892) ("Winchester").

this time.

5. This is an Objection to the Debtors' Motion to pay prepetition obligations for two linen vendors, Standard Textile Co., Inc. ("Standard Textile") and American Associated Companies, Inc. ("AACO") of $15,000 and $7,500 per week respectively. The basis for the objection is that: (a) the Debtor is not performing its post-petition obligations to its Landlord ACN Companies, LLC ("ACN" or "Landlord") under Section 365(d)(3) as set forth in ACN's *Motion to Compel Centerstone Linen Services, LLC to Perform Post-Petition Obligations To Landlord Pursuant to Section 365(d)(3)* (Main Case Docket 85, filed January 4, 2019 and returnable January 23, 2019 at 11:00 am, the "Motion to Compel"), so that certain unsecured creditors are receiving a preference over a creditor with a statutory priority and are also receiving a priority over unsecured creditors of the same class without proper justification; (b) there is insufficient information about the finances of the Debtors to support Debtors' burden of proof for an extraordinary motion of this kind, especially in light of adverse inferences of administrative insolvency that can be reasonably drawn from the *Affidavit of John J. Giardino In Support of Chapter 11 Petitions and First Day Motions* (Main Docket No. 12, filed December 19, 2018) and other filed papers; and (c), with respect to AACO, and probably with respect to Standard Textile as well, these linen vendors may be otherwise obligated to continue to supply linens without these prepetition payments during the Chapter 11 case because of their express or implied supply agreements with Debtors.

6. Critical Vendor Motions are granted under certain circumstances such as when a class of trade vendors are offered payments of prepetition claims that have been incurred in the ordinary course of business to support smooth transition of operations in a Chapter 11 case and where Debtors are clearly able to prove that all classes will be benefited by these critical

vendor payment. See e.g. *Matter of K-Mart Corporation*, 359 F.3d 866 (7th Cir. 2004)("*K-Mart*") There is no evidence that this is such a case. To the contrary, the facts gleaned from papers filed in this case suggest that it is likely headed toward administrative insolvency. In fact, Debtors are not even performing statutory post-petition obligations to ACN as a landlord under Section 365(d)(3) of the Bankruptcy Code.

### A. Failure to Perform Post-Petition Obligations

7.      As set forth in the Motion to Compel, ACN is the landlord of Centerstone's industrial laundry plants located in Syracuse and Troy, New York. As of the date of the filing of this Objection, Debtor, Centerstone has not performed its post-petition obligations to ACN under Section 365(d)(3) of the Bankruptcy Code. There has been no budget approved for future post-petition payments or performance of future post-petition obligations to Landlord as set forth in the Interim Order granting, among other things, DIP Financing (Main Docket. No. 33, entered December 21, 2018 at p. 158, the "Four Week Budget"), but rather only a budget through January 11, 2019. Under these circumstances in which Debtors are not performing their statutory post-petition obligations to ACN and no funds have yet been budgeted for future operations, it is clearly inappropriate for Debtors to request permission to pay $22,500 per week (approximately $100,000 month or $1,200,000 per year) to prepetition vendors Standard Textile and AACO, presumably in addition to payment of the post-petition cost of linens.

8.      Debtors' request to prefer prepetition vendors' claims over post-petition landlord's claims is violative of bankruptcy priorities and impermissible. *K-Mart*, 359 F.3d at 866, *supra*: see *Czyzewski v. Jevic Holding Corp.*137 S.Ct. 973(2017) (settlements that favor a subordinate class over a prior class are disfavored). For this reason, the Motion should be denied.

9. The payments to the linen vendors only and not to other members of the same unsecured prepetition class are also unsustainable unless there is a clear benefit to the creditor body. *K-Mart, supr.* For the reasons set forth below, this has not been demonstrated.

**B. There Is No Evidence to Support Payments to alleged Critical Vendors**

10. There is insufficient evidence in the record to support the Motion. No schedules, statement of affairs or any operating reports yet been filed. The cash collateral budget is only a Four Week Budget and is vague at best, having not been broken down on a location by location basis. See Four Week Budget.

11. The *Affidavit of John J. Giardino In Support of Chapter 11 Petitions and First Day Motion* (Main Docket No. 12, filed December 19, 2018) claims that the Chapter 11 petitions and First Day Motions were filed as a "critical element of achieving successful sales of Debtors' assets as going concerns." Giardino Affidavit,¶3(b). Therefore, the Debtors' CEO has implicitly acknowledged from the outset of the cases that there is no reasonable possibility of a successful reorganization but rather a planned liquidation.

12. Moreover, as of the date of this Objection, Debtor Centerstone has not negotiated an extension of the Lease of the Syracuse and Troy Facilities (see Motion to Compel, Doc No. 85, Exhibit A), so that as of this date, the sales of the businesses at the Syracuse and Troy Facilities as going concerns is not possible without the consent of the Landlord, ACN.

13. Additionally, as of the date of the hearing on this Motion, there is a proposed sale of assets at a price of $4,000,000, subject to the terms of the sale agreement, which is only a fraction of the over $20 million debt to the senior lenders. Giardino Affidavit ¶25 a.-d.

14. Accordingly, based on the filed papers in this case to date, there is a significant possibility of administrative insolvency and a complete lack of proof of the ability of

the Debtors to pay their post-petition obligations as these obligations come due. Under these circumstances, the request to pay approximately $100,000 per month to prepetition creditors when post-petition obligations are a risk of not being paid or performed is clearly improper.

### C. The Debtors May Be Able to Compel One or More of the Linen Vendors to Sell

15. Counsel for Debtors asserts that under the case *In re CoServe*, 273 BR 487,497( Bankr, N.D Tex 2002), the debtor performs its fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate". Even assuming *arguendo that* this is the applicable standard, the Motion nevertheless fails. First, as stated above, Debtors cannot at this point sell the Syracuse or Troy Facilities without the consent of ACN.

16. Moreover, the Debtors have not demonstrated that they cannot compel either or both Standard Textile and AACO to sell to them under the existing Notes as constituted.

17. The AACO instrument is entitled Promissory Note and Agreement For Future Orders (the "AACO Note"). Motion, Exhibit B. The Third Decretal Paragraph of the AACO Note provides:

> WHEREAS, Lender has agreed to continue supplying goods and services to Maker and to refrain from initiating collection activities against Maker with respect to the Delinquent Accounts on the condition that Maker converts the amounts payable to Lender under the Delinquent Accounts into a negotiable instrument payable to Lender over a scheduled term.

18. Debtor clearly satisfied this condition by executing and delivering the AACO Note. Accordingly, AACO arguably was prevented by the automatic stay under Bankruptcy Code Section 362(a) from refusing to sell linens to Debtors. See e.g. *K-Mart,* 359 F2d at 873 (creditors with long-term supply obligations are prevented by automatic stay from terminating the obligation to supply as long as debtor pays for new deliveries).

19. Similarly, although there is no similar language in the Standard Textile

Agreement, the court could find that Standard Textile also impliedly agreed to continue shipping linens post-petition in exchange for execution and delivery of the Promissory Note from several entities and are similarly stayed from refusing to sell post-petition.

20. Even if only AACO agreed to continue selling linens post-petition, this raises a question as to whether the linen supplied by AACO alone would be sufficient to fulfill the linen requirements of Debtors.

21. ACN reserves the right to amend, modify or supplement these Objections.

22. For all of these reasons, the Motion should be denied.

WHEREFORE, ACN respectfully requests this Court deny the Motion and grant to ACN such other and further relief as the Court deems just and equitable.

Dated January 10, 2019     BOUSQUET HOLSTEIN, PLLC

By: __/s/ Robert K. Weiler_____
Robert K. Weiler, Esq.
OFFICE AND POST OFFICE ADDRESS
110 West Fayette Street, Ste. 900
Syracuse, NY 13202
Telephone: (315) 422-1500
Fax: (315) 423-2870
rweiler@bhlawpllc.com

*Attorneys for ACN Companies, LLC*

3593529_2.doc