UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

Hearing Date: January 23, 2019
Hearing Time: 11:00 a.m.
Hearing Location: Syracuse, NY

In re

    CENTERSTONE LINEN SERVICES, LLC
      d/b/a Clarus Linen Systems, *et al,*[1]

                            Debtor.

Case No.: 18-31754
Main Case
Chapter 11 Cases
Jointly Administered

**OBJECTION BY ACN COMPANIES, LLC TO MOTION OF THE DEBTORS
FOR ENTRY OF INTERIM AND FINAL ORDERS:
(I) AUTHORIZING THE DEBTORS TO
(A) OBTAIN POST-PETITION FINANCING ON A SUPER-PRIORITY,
SENIOR SECURED BASIS AND (B) USE CASH COLLATERAL;
(II) GRANTING (A) LIENS AND SUPER-PRIORITY CLAIMS
AND (B) ADEQUATE PROTECTION;
(III) MODIFYING THE AUTOMATIC STAY;
(IV) SCHEDULING A FINAL HEARING; AND
(V) GRANTING RELATED RELIEF**

      **ACN COMPANIES, LLC,** by and through its attorneys, Bousquet Holstein PLLC, for its Objection to the *Motion of the Debtors for Entry of Interim and Final Orders; (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing on a Super-Priority, Senior Secured Basis and (B) Use Cash Collateral; (II) Granting (A) Liens and Super-Priority Claims and (B) Adequate Protection; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* (Main Index, Document No. 11 filed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594) ("Centerstone"); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681) ("Atlas"); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284) (Alliance"); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065) ("Atlanta"); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892) ("Winchester").

December 19, 2018, the "Motion"), respectfully represents:

1. This is an Objection by ACN Companies, LLC ("ACN" or "Landlord") to the above-referenced Motion for a Final Order to the extent it seeks approval and allowance of comprehensive secured and super-priority status to support Debtor in possession financing ("DIP Financing") and pre-petition claims ahead of certain claims of ACN. There are several grounds for this objection.

2. First, as set forth in ACN's *Motion to Compel Centerstone Linen Services, LLC to Perform Post-Petition Obligations to the Landlord pursuant to Section 365(d)(3)* (Main Index, Document No. 85 filed on January 4, 2019) (the "Motion to Compel"), the Debtors have a statutory priority for payment and performance of the obligations to ACN under Section 365(d)(3) of the Bankruptcy Code.

3. At the time this Objection was prepared, the Budget that is proposed to be attached to the final order has not been filed. However, neither Interim Budget provided by the Debtors so far itemized the uses of DIP Financing on a plant-by-plant basis or even a Debtor-by-Debtor basis, so that there is no way to assure that Debtor and the lenders represented by HSBC Bank ("Lenders") have budgeted payments to fulfill Centerstone's obligations to ACN, as landlord. (Main Index, Document No. 33-1 at p 130, the "First Interim Order"; and Main Index, Document No. 125, Second Interim Order On Debtors' Postpetition Financing, Exhibit A).

4. As set forth in the Motion to Compel, the main concern of ACN is that because of the manner in which water is billed in certain cities such as Syracuse and Troy, the Landlord bears the ultimate responsibility for water bills as well as real property taxes. Water and linens are the main consumables in an industrial laundry. In the City of Syracuse, as set in the Motion to Compel, the Landlord faces the prospect of having to pay thousands of dollars for

water consumed by the Debtor, even though the Debtor is statutorily obligated to perform this obligation to the Landlord under Section 365(d)(3) of the Bankruptcy Code.

5. Therefore, there exists a substantial possibility that if the Final Order is approved in these Chapter 11 cases without adequate provisions for Landlord, the Lenders will be given secured and super-priority claims which will prime the Landlord's rights under Section 365(d)(3), and the Lenders will maximize their recoveries at the expense of Landlord who will be left "holding the bag" at the end of the liquidation process.[2] This is especially egregious when considering that Lenders have allowed certain linen vendors to receive payment of prepetition obligations (Main Index, Document No. 147, entered January 18, 2019, *Final Order Authorizing Payment of Certain Critical Vendor Claims*), while not having yet consented to payment and performance of statutorily mandated obligations to Landlord.

6. Under all of these circumstances, ACN requests the Court to deny approval of the Final Order until the Debtor and Lenders produce a budget and/or language in the Final Order including, without limitation, adequate protection payments and provisions that provide adequate assurances that Debtors' obligations to ACN are paid and/or performed irrespective of the secured and/or super-priority positions of the Lenders.

7. ACN reserves the right to amend, modify or supplement this Objection at any time.

---

[2] This problem is exacerbated by absolute lack of any valuation evidence whatsoever to demonstrate that the Lenders' prepetition claims were supported by adequate collateral to establish the nature and extent of the Lenders security interests under Section 506(a). .Interestingly, neither the Lenders nor the Debtors have filed any evidence whatsoever establishing a *prima facie* case for prepetition perfection of their security interests. However, there is a period of time allowed after entry of the final order for the Creditors Committee and creditors to challenge perfection so that these issues are preserved.

**WHEREFORE**, ACN requests an order denying approval of the Final Order:

(a) unless and until the Debtors and Lenders produce an adequate budget and/or language in the Final Order that directs adequate protection payments as requested in the Motion to Compel and provisions in the Final Order that provides adequate assurances that Debtors' obligations to ACN are paid and/or performed irrespective of the secured and/or super-priority positions of the Lenders; and

(b) granting to ACN such other and further relief as the Court deems just and equitable.

Dated January 22, 2019            BOUSQUET HOLSTEIN PLLC


By: /s/ Robert K. Weiler
        Robert K. Weiler, Esq.
OFFICE AND POST OFFICE ADDRESS
110 West Fayette Street, Ste. 900
Syracuse, NY 13202
Telephone: (315) 422-1500
Fax: (315) 423-2870
rweiler@bhlawpllc.com

*Attorneys for ACN Companies, LLC*

3618162_3.doc