UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

Hearing Date: February 1, 2019
Hearing Time: 1:00 PM
Hearing Location: Syracuse, NY

In re

CENTERSTONE LINEN SERVICES, LLC
d/b/a Clarus Linen Systems, *et al,*[1]

Debtor.

Case No.: 18-31754
Main Case
Chapter 11 Cases
Jointly Administered

**REPLY TO DEBTOR CENTERSTONE LINEN SERVICES, LLC's
RESPONSE IN OPPOSITION TO MOTION BY ACN COMPANIES, LLC TO
COMPEL THE DEBTOR CENTERSTONE LINEN SERVICES, LLC TO PERFORM
POST-PETITION OBLIGATIONS TO LANDLORD PURSUANT TO SECTION
365(d)(3)**

BOUSQUET HOLSTEIN PLLC ("BH"), attorneys for ACN Companies, LLC

("ACN" or "Landlord") for its *Reply To Debtor, Centerstone Linen Service, LLC's Response in*

*Opposition to Motion By ACN Companies, LLC to Compel Centerstone Linen Services, LLC to*

*Perform Post-Petition Obligations to the Landlord pursuant to Section 365(d)(3)* (the "Reply"),

respectfully represents:

1.        This is a Reply to *Debtor, Centerstone Linen Service, LLC Response in*

*Opposition Motion By ACN Companies, LLC to Compel Centerstone Linen Services, LLC to*

*Perform Post-Petition Obligations to the Landlord pursuant to Section 365(d)(3)*(Main Index

Doc 150, the "Response").  The Response raises no legitimate objection to ACN Companies,

LLC's Motion to Compel Centerstone Linen Services, LLC to Perform Post-Petition Obligations

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594) ("Centerstone"); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681) ("Atlas"); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284) (Alliance"); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065) ("Atlanta"); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892) ("Winchester").

to the Landlord pursuant to Section 365(d)(3) (Main Index Doc. No. 85, the "Motion to Compel")[2].

2.      Debtor Centerstone alleges in the Response that Roland F. Anderson, Jr. is an insider of the Debtor Centerstone. This is clearly both inaccurate on the face of the Response and irrelevant. First, as Debtor clearly acknowledges, Roland F. Anderson, Jr. was not a member or manager of Centerstone. He resigned as a manager of Centerstone on January 16, 2018. Debtor acknowledges that the actual member of Centerstone is Atlas Syracuse Holdings, LLC which allegedly owns 9.9948% of Debtor, of which Mr. Anderson owns 100% of the Member interest.

3.      There is nothing in Bankruptcy Code Section 101(31) that makes Mr. Anderson a statutory insider. Although a person can conceivably be a non-statutory insider if he or she has "control" of the Debtor, it is beyond doubt that Mr. Anderson is not in control of any of the Debtors, as evidenced by this litigation and the fact that Landlord is not being paid. *Capmark Financial Group, Inc. v. Goldman Sachs Credit Partners, L.P.*, 491 B.R. 335 (S.D.N.Y., 2013) (dismissed complaint under similar circumstances where there were insufficient allegations of control).[3]

4.      Moreover, even assuming *arguendo* that Mr. Anderson were an insider, there is nothing in Section 365(d)(3) that limits performance of a tenant's obligations to a landlord controlled by a member. Under Debtor's theory, 60 Grider, LLC, which is owned 100% by CEO John Giardino, who is undisputedly an insider and which is the landlord of the Buffalo plant, could not receive either post-petition payment of performance of a debtor-tenant's

---

[2] Capitalized terms shall have the same meaning as defined in the Motion to Compel.
[3] The case *In re Die Fieldmaus, LLC*, 323 B.R. 101(Bankr. SDNY 2005) is distinguishable because it addressed allegedly improper distributions to members of a New York Limited Liability Company. The present case constitutes a landlord's right to payments and performance of obligations under a lease that are governed by Section 365(d)(3) of the Bankruptcy Code.

2

obligation or his substantial salary. Nevertheless, there is no allegation that 60 Grider, LLC is not receiving full performance of obligations under its lease and Mr. Giardino is certainly receiving compensation for his services. Thus, this theory is obviously nonsense.

5.      Second, with respect to maintenance (Response, ¶21), replacement of an overhead door operator is clearly a tenant maintenance item arising to tenant use of the property, as is repair of a hole in the floor caused by tenant use of the Syracuse Property. As to the other items that Tenant concedes are its responsibility, Tenant has clearly not performed these repairs despite promising to do so, and should be compelled to perform these obligations.

6.      Despite the Response, Centerstone does not deny its obligations to Landlord nor that Section 365(d)(3) is applicable. Centerstone has not provided any payment of Additional Rent and as of the drafting of this Reply, has not provided any evidence or assurance that Landlord will be paid. Weekly payments are the only way that Landlord can be assured that it will receive performance.

7.      Landlord reserves the right to amend, modify or supplement this Reply.[4]

WHEREFORE, Landlord requests an order compelling Tenant to perform its obligations under the Lease including, without limitation, paying the amounts accruing under the Lease for Syracuse Property and the Troy Property on a weekly basis and perform its other obligations under the Lease; and granting to Landlord such other and further relief as the Court deems just and equitable.

---

[4] Mr. Anderson's alleged liability for cell phone payments from approximately 2013 is irrelevant to this motion, and Mr. Anderson reserves all of his defenses to these claims.

Dated: January 31, 2019                BOUSQUET HOLSTEIN PLLC


By: /s/ Robert K. Weiler
       Robert K. Weiler, Esq.
Attorneys for ACN Companies, LLC
OFFICE AND P.O. ADDRESS
One Lincoln Center, Suite 1000
110 West Fayette Street
Syracuse, New York 13202
Telephone No.:  (315) 701-6312
Facsimile No.:  (315) 423-2870
Email:  rweiler@bhlawpllc.com

3651209_1.docx