UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case Nos. |
| CENTERSTONE LINEN SERVICES, LLC, | ) 18-31754 (main case) |
| ATLAS HEALTH CARE LINEN SERVICES CO., LLC, | ) 18-31753 |
| ALLIANCE LAUNDRY & TEXTILE SERVICE, LLC, | ) 18-31755 |
| ALLIANCE LAUNDRY AND TEXTILE SERVICE OF ATLANTA, LLC, and | ) 18-31756 |
| ALLIANCE LTS WINCHESTER, LLC | ) 18-31757 |
| *d/b/a Clarus Linen Systems*[1], | ) |
| | ) Chapter 11 Cases |
| Debtors. | ) Jointly Administered |
| | ) |

## SECOND SUPPLEMENTAL NOTICE OF ASSUMPTION AND ASSIGNMENT

*PLEASE TAKE NOTICE OF THE FOLLOWING:*

1. On January 15, 2019, the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order"),[2] approving, among other things, the fixing of cure amounts (the "Cure Amounts") related to the potential assumption, assignment and/or transfer by Alliance Laundry & Textile Services, LLC, d/b/a Clarus Linen Systems ("Alliance") of certain executory contracts, unexpired leases, and other agreements (the "Assigned Contracts") listed on **Exhibit A** annexed hereto in connection with the proposed sale of certain of Alliance's assets (the "Purchased Assets"). Alliance intends to assume, assign, and/or transfer some or all of the Assigned Contracts to the Successful Bidder or Backup Bidder for the Purchased Assets as determined pursuant to the bidding procedures (the "Bidding Procedures") approved by the Bankruptcy Court and attached to the Bidding Procedures Order as Schedule 1.

2. Alliance believes that any and all defaults (other than the filing of these Chapter 11 Cases) and actual pecuniary losses under the Assigned Contracts can be cured by the payment of the Cure Amounts listed on **Exhibit A** annexed hereto.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594) ("Centerstone"); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681) ("Atlas"); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284) ("Alliance"); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065) ("Atlanta"); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892) ("Winchester").

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order.

3. Any objections to (i) the assumption, assignment or transfer of an Assigned Contract, or (ii) the amount asserted as the Cure Amount (each, a "Cure Amount/Assignment Objection"), must be in writing and set forth with specificity the nature of the objection and the cure amount that the objecting party believes should be paid in connection with the assumption of the Assigned Contract (the "Claimed Cure Amount"). In addition, if Alliance identifies additional Assigned Contracts that might be assumed by Alliance and assigned to the Successful Bidder or Backup Bidder which are not set forth in this Notice of Assumption and Assignment, Alliance shall promptly send a supplemental notice (a "Supplemental Notice of Assumption and Assignment") to the applicable counterparties to such additional Assigned Contracts.

4. To be considered a timely Cure Amount/Assignment Objection, a Cure Amount/Assignment Objection must be filed with the Bankruptcy Court and served upon (i) counsel to Alliance; (ii) the Office of the United States Trustee for the Northern District of New York; (iii) counsel for HSBC Bank; (iv) counsel to Purchaser; and (v) counsel to the Official Committee of Unsecured Creditors, by the later of (a) **4:00 p.m. (prevailing Eastern time) on February 6, 2019** or (b) five (5) days after service of the relevant Supplemental Notice of Assumption and Assignment.

5. If a Cure Amount/Assignment Objection is timely filed, Alliance may resolve any Cure Amount/Assignment Objection by mutual agreement with the objecting counterparty to any Assigned Contract without further order of the Court. Alliance may also file a written response to the Cure Amount/Assignment Objection with the Bankruptcy Court no later than **4:00 p.m. (prevailing Eastern time) on February 8, 2019**. In the event that Alliance and any objecting party are unable to consensually resolve any Cure Amount/Assignment Objection, the Bankruptcy Court will resolve any such Cure Amount/Assignment Objection at a hearing to be held at **12:00 p.m. (prevailing Eastern time) on February 13, 2019** or such later date as the Court may determine.

6. Unless a Cure Amount/Assignment Objection is timely filed and served, the assumption, assignment and/or transfer of the Assigned Contracts may proceed without further notice to counterparties to the Assigned Contracts.

7. Parties that fail to file and serve timely Cure Amount/Assignment Objections shall be deemed to have waived and released any and all rights to assert against Alliance, the Successful Bidder or Backup Bidder cure amounts different from the Cure Amounts listed on **Exhibit A** hereto and shall be forever barred and estopped from asserting or claiming against Alliance, the Successful Bidder or Backup Bidder, or any assignee of any Assigned Contract that any additional amounts are due or defaults exist, or prohibitions or conditions to assignment exist or must be satisfied, under such Assigned Contract.

8. To the extent that a Cure Amount/Assignment Objection remains unresolved as of the Bid Deadline, and the Bankruptcy Court subsequently determines that the Cure Amount for the subject Assigned Contract is greater than that set forth in the Cure Amounts identified on **Exhibit A** hereto, the Successful Bidder may elect to reclassify such Assigned Contract as an Excluded Agreement at any time prior to the earlier to occur of the Closing or the day that is five (5) business days following such determination by the Bankruptcy Court.

9. The Successful Bidder or the Backup Bidder, as the case may be, may determine to exclude any Assigned Contract from the Purchased Assets to be assumed and sold or assigned at any time prior to the Sale Hearing. The non-debtor party or parties to any such excluded contract or lease will be notified of such exclusion by written notice mailed within three (3) business days following the conclusion of the Sale Hearing.

10. If no Cure Amounts are due under an Assigned Contract, or the non-debtor party to the Assigned Contract does not otherwise object to Alliance's assumption, assignment and/or transfer of the Assigned Contract, no further action needs to be taken on the part of that non-debtor party.

11. Alliance's decision to sell, assign and/or transfer to the Successful Bidder or Backup Bidder the Assigned Contracts is subject to Bankruptcy Court approval and the closing of the sale of the Purchased Assets. Accordingly, absent such closing, none of the Assigned Contracts shall be deemed to be assumed, sold, assigned and/or transferred, and shall in all respects be subject to further administration under the Bankruptcy Code. The inclusion of any document on the list of Assigned Contracts shall not constitute or be deemed to be a determination or admission that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

12. This notice is subject to the fuller terms and conditions of the Bidding Procedures Order which shall control in the event of any conflict and Alliance encourages parties in interest to review that document in its entirety. Parties interested in receiving more information regarding the sale of the Purchased Assets or obtaining a copy of the Bidding Procedures Order may make a written request to counsel to the Debtors. In addition, copies of the Bidding Procedures Order and this notice can be found on the Bankruptcy Court's electronic case management website, http://ecf.nywb.uscourts.gov and are on file with the Clerk of the Bankruptcy Court.

Dated: February 6, 2019
Syracuse, New York

BOND, SCHOENECK & KING, PLLC

By:    /s/ Camille W. Hill
Stephen A. Donato, Bar Roll No. 101522
Camille W. Hill, Bar Roll No. 501876
Office and Post Office Address:
One Lincoln Center
Syracuse, New York 13202
Tel: (315) 218-8000
Fax: (315) 218-8100
Email: sdonato@bsk.com
       chill@bsk.com
*Proposed Counsel to the Debtors and Debtors in Possession*

3294807.1

## Exhibit A

To Second Supplemental Notice of Assumption and Assignment

[Assigned Contracts]

| **Contract** | **Cure Amount** |
|---|---|
| 1. Contract with United States of America for linen services at Martin Army Community Hospital, Fort Benning, Georgia dated September 13, 2016, modified as of December 14, 2017. | $0.00 |
| 2. Contract with United States of America for linen services at Moody Air Force Base, Georgia dated October 1, 2018. | $0.00 |
| 3. Linen Service Agreement with Wellstar Health System, Inc. dated April 1, 2016. | $0.00 |
| 4. Linen Service Agreement with Board of Regents of the University System of Georgia on behalf of the Georgia State University-Georgia State University Student Health Clinic dated July 1, 2018. | $0.00 |
| 5. VAMC Dublin Contract. | $0.00 |
| 6. Cooperative Agreement with Industry with Wiregrass Rehabilitation Center, Inc. dated April 5, 2017. | $0.00 |
| 7. Service Agreement With Summit Orthopedic Surgery Center dated March 1, 2011. | $0.00 |

3294807.1