Hearing Date:  February 28, 2019
Time:  11:30 a.m.
Objection Deadline:  February 21, 2019
Hearing Location:  Syracuse, NY

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) <br> ) <br> ) Case Nos. |
| CENTERSTONE LINEN SERVICES, LLC, | ) 18-31754 (main case) |
| Atlas Health Care Linen Services Co., LLC, | ) 18-31753 |
| Alliance Laundry & Textile Service, LLC, | ) 18-31755 |
| Alliance Laundry and Textile Service of Atlanta, LLC, and | ) 18-31756 |
| Alliance LTS Winchester, LLC | ) |
| d/b/a Clarus Linen Systems[1], | ) 18-31757 |
| | ) |
| Debtors. | ) Chapter 11 Cases |
| | ) Jointly Administered |
| | ) |
| | ) |

# DEBTORS' MOTION FOR ORDER (A) AMENDING ESTABLISHED BAR DATE FOR FILING PROOFS OF CLAIM; (B) ESTABLISHING BAR DATE FOR FILING CLAIMS UNDER 11 U.S.C. § 503(b)(9); AND (C) <u>APPROVING THE FORM AND MANNER OF NOTICE THEREOF</u>

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their counsel, submit this motion (the "Motion"), for entry of an order (a) shortening the established bar date for filing proofs of claim, (b) establishing a bar date for filing claims pursuant to 11 U.S.C. § 503(b)(9), and (c) approving the form and manner of notice thereof. In support of the Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594) ("Centerstone"); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681) ("Atlas"); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284) ("Alliance"); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065) ("Atlanta"); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892) ("Winchester").

**JURISDICTION**

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     The statutory predicates for the relief sought herein are sections 105(a), 501, and 503(B)(9) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable rules of the Local Rules of Practice for the United States Bankruptcy Court for the Northern District of New York (the "Local Rules").

**BACKGROUND**

3.     On December 19, 2018 (the "Petition Date"), the Debtors filed separate, voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court, commencing the Debtors' chapter 11 cases (the "Chapter 11 Cases").  The Debtors remain in possession of their respective assets and continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

4.     By orders dated December 20, 2018, this Court authorized the joint administration of the Chapter 11 Cases.

5.     On January 10, 2019, the Office of United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to 11 U.S.C. §§ 1102(a) and (b).

6.     The Debtors are leading providers of high-quality linen rental and commercial laundry services to the healthcare industry, primarily supplying scrubs, sheets, towels, blankets, patient apparel and other linen products to hospitals and healthcare clinics via long-term contacts.  The companies employ strict quality assurance measures and have been recognized for outstanding performance in the areas of infection control, hygienically clean linens and

employee safety. Centerstone is the corporate parent of four subsidiary corporations (debtors Atlas, Alliance, Atlanta and Winchester) and provides back-office and administrative support to them. Atlas and Alliance currently operate five production facilities in three states (Atlas operates two facilities in New York and Alliance operates two facilities in Georgia and one in South Carolina) that provide daily pick-ups and deliveries to their customers. Atlanta and Winchester are not currently operating production facilities.

7. A more detailed factual background relating to the commencement of the Chapter 11 Cases is set forth in the *Affidavit of John J. Giardino in Support of Chapter 11 Petitions and First Day Applications* sworn to on the 19th day of December, 2018 (the "Giardino Affidavit"). [Dkt. No. 12].

8. On December 21, 2018, this Court entered an Order (the "Initial Bar Date Order") establishing June 17, 2019 (the "Initial Bar Date") as the deadline to file proofs of claim or interest, including claims against the Debtors by governmental units pursuant to 11 U.S.C. § 502(b)(9). [Dkt. No. 44].

9. The Debtors are in the process of marketing their assets for sale as going concerns. They anticipate that the sale of the "Southern Assets" owned by Alliance will close in mid-February 2019 and the sale of the "Northern Assets" owned by Atlas will closed by April 30, 2019. Following the sale closings, the Debtors will be in a position to prepare and file separate or joint chapter 11 plans and disclosure statements.

**RELIEF REQUESTED**

10. By this Motion, the Debtors seek the entry of an order pursuant to sections 105(a), 501, and 503(B)(9) of the Bankruptcy Code, and Bankruptcy Rule 3003(c)(3): (i) shortening the Initial Bar Date by which non-governmental proofs of claim based on prepetition debts or liabilities against the Debtors must be filed from June 17, 2019 at 5:00 p.m. (prevailing Eastern

time) to April 30, 2019 at 5:00 p.m. (prevailing Eastern time); (ii) establishing a bar date of April 30, 2019 at 5:00 p.m. (prevailing Eastern time) for the filing of claims under 11 U.S.C. § 503(B)(9); (iii) approving the form and manner of notice of such bar dates; and (iv) granting related relief, as set forth below. By this motion, the Debtors are not seeking to shorten the bar date for the filing of claims by governmental units in the Chapter 11 cases.

### I. Bar Date Relief

11.  Bankruptcy Rule 3003(c)(3) provides in relevant part that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."

12.  The Initial Bar Date is June 17, 2019. The Debtors anticipate that the sales of all their assets will be completed by April 30, 2019. The Debtors respectively submit that, if they are required to wait until after the Initial Bar Date expires to review the universe of claims filed in these Chapter 11 Cases, the plan confirmation filing and confirmation process will be unnecessarily delayed. Given the economic landscape of these Chapter 11 Cases, the Debtors seek to determine the universe of claims and confirm plans as expeditiously as possible to ensure that their properly address and distribute to unsecured creditors in these Chapter 11 Cases.

13.  In addition, the Debtors must also determine the number and amount of administrative expense claims prior to drafting their chapter 11 plans and therefore seek to establish a bar date for the filing of all claims under section 503(b)(9) of the Bankruptcy Code.

14.  The Debtors have conferred with the Committee concerning his Motion and advised that the Committee supports the relief requested.

15.  In light of the foregoing, the Debtors submit that cause exists to shorten the Initial Bar Date pursuant to Bankruptcy Rule 3003(c)(3) and to establish a bar date for filing proofs of claims under section 503(b)(9) of the Bankruptcy Code as follows:

(a)  **Amended Bar Date**. The Debtors request that the Court establish **April 30, 2019 at 5:00 p.m. (prevailing Eastern time)** (the "Amended Bar Date") as the last date and

time by which any person or entity (excluding governmental units) holding a claim against the Debtors that arose or is deemed to have arisen prior to the Petition Date must file a proof of claim. The Amended Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4) and (5) of the Bankruptcy Code) and unsecured nonpriority claims.

(b)     **Section 503(b)(9) Claim Bar Date**. Section 503(b)(9) of the Bankruptcy Code provides for an allowance as an administrative expense, "the value of any goods received by the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). The Debtors request that the Court establish **April 30, 2019 at 5:00 p.m. (prevailing Eastern time)** (the "503(b)(9) Bar Date" together with the Amended Bar Date, the "Bar Dates") as the last date and time by which any person or entity (excluding governmental units) holding a claim against the Debtors that arose or is deemed to have arisen out of goods sold to the Debtors in the ordinary course of the Debtors' businesses within the 20 days prior to the Petition Date, must file a proof of claim.

**II. Proposed Form and Manner of Notice Bar Dates**

16.     The form of the proposed Notice of Amended Deadline for Filing Proofs of Claim and Deadline for Filing Claims Under 11 U.S.C. § 503(b)(9) (the "Bar Date Notice") is attached hereto as **Exhibit A**. The Debtors will serve the Bar Date Notice upon all creditors in the Chapter 11 Cases no later than three business days after entry of the Order granting this Motion. Such service will provide creditors with approximately sixty days' notice of the Amended Bar Date and the 503(b)(9) Bar Date.

17.     The Debtors submit that the notice procedures and the form of the proposed Bar Date Notice described above are more than sufficient to comply with the Bankruptcy Rules. Bankruptcy Rule 3003(c)(2) provides that any creditor who asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose prior to the Petition Date and whose claim is not listed on the Debtors' Schedules or whose claim is listed on the Schedules as disputed, contingent or unliquidated, must file a proof of claim. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed

in a chapter 11 case. Bankruptcy Rule 2002(a)(7) provides that all parties in interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c).

18. As set forth in the Bar Date Notice, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose prior to the Petition Date, or under section 503(b)(9) of the Bankruptcy Code, must file proof of such claim that substantially conforms to the Proof of Claim Form (defined below), either by (i) mailing the original proof of claim to Clerk of Court, U.S. Bankruptcy Court, Northern District of New York, James M. Hanley U.S. Courthouse and Federal Building, 100 South Clinton Street Syracuse, NY 13261, or (ii) filing such proof of claim electronically through ePOC, which is available via the Court's website (http://www.nynb.uscourts.gov). The Debtors request that the Bar Date Notice provide that proofs of claim be deemed timely filed only if such claims are *actually received* by the Court Clerk on or before 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date. The Debtors further request that a properly filed proof of claim that substantially conforms to the Proof of Claim Form be deemed to satisfy the procedural requirements for the assertion of pre-petition claim, or an administrative priority claim claim under section 503(b)(9) of the Bankruptcy Code, respectively.

19. The proposed Bar Date Notice also provides that the following persons or entities are *not* required to file a proof of claim on or before the applicable Bar Date:

    (c)    any person or entity that has *already* properly filed a proof of claim against the applicable Debtor or Debtors in a form substantially similar to the Proof of Claim Form;

    (d)    any person or entity whose claim is listed on the Schedules; *provided* that (i) the claim is *not* scheduled as "disputed," "contingent" or "unliquidated," (ii) the person or entity agrees with the amount, nature and priority of the claim as set forth in the Schedules *and* (iii) the person or

    entity agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(e) any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(f) any person or entity whose claim has been paid in full by any of the Debtors;

(g) any current employee of the Debtors, and any labor union authorized by law to represent any current employee, in each case solely with respect to any claim based on the payment of wages, salaries and vacation pay arising in the ordinary course of business and previously authorized to be paid by order of the Court, including the interim and final wage orders approved by the Court, *provided, however*, that if the Debtors provide written notice to any current employee stating that the Debtors do not intend to exercise their authority to pay such claim, such employee shall have until the later of (i) the applicable Bar Date and (ii) 30 days from the date of service of such written notice, to file a proof of claim;

(h) any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(i) any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any unpaid administrative expense claim allowable under section 503(b)(9) of the Bankruptcy Code); and

(j) any Debtor.

20. In addition, the proposed Bar Date Notice provides that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection by the later of (a) the applicable Bar Date and (b) 30 days after notice by the Debtors of the entry of an order authorizing rejection to which the claim relates.

### Requirements for Preparing and Filing Proofs of Claim

21. The Debtors have prepared the proof of claim form, attached hereto as **Exhibit B** (the "Proof of Claim Form") which is based on Official Form No. 10 and is tailored to these Chapter 11 Cases.

22. The Bar Date Notice will provide that each proof of claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; *provided, however*, that the Debtors reserve the right to convert a claim denominated in non-U.S. currency into U.S. currency using the applicable exchange rate as of the Petition Date, unless the Debtors deem another date more appropriate; (iii) conform substantially with the Proof of Claim Form; (iv) indicate the Debtor against which the person or entity is asserting a claim (and if a person or entity asserts a claim against more than one Debtor, a separate proof of claim must be filed with respect to each Debtor); (v) include supporting documentation; and (vi) be signed by the claimant holder or, if the claimant is not an individual, by an authorized agent of the claimant. The Debtors respectfully request that the Court approve the proposed Proof of Claim Form.

### Consequences of Failure to File a Proof of Claim

23. Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any holder of a claim against one or more of the Debtors who is required, but fails, to timely file a proof of such claim in appropriate form in accordance with the terms of the Bar Date Order shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), and the Debtors and their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these Chapter 11 Cases or participate in any distribution in the Debtors' Chapter 11 Cases on account of such claim or to receive further notices regarding such claim.

**Proposed Procedures for Providing Notice of the
Bar Dates and of Procedures for Filing Proofs of Claim**

24.     Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to provide creditors with notice of the Bar Dates by serving (i) a copy of the Bar Date Notice and (ii) a Proof of Claim Form (collectively, the "Bar Date Notice Package") by first class mail, postage prepaid, within three business days of the entry of the Bar Date Order, upon:

(a)     the United States Trustee;

(b)     counsel to the Committee;

(c)     all persons or entities that have requested notice of the proceedings in the Chapter 11 Cases;

(d)     all persons or entities that have filed claims;

(e)     all known holders of prepetition claims listed on the Schedules at the addresses stated therein;

(f)     all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

(g)     all parties to litigation with the Debtors;

(h)     the Internal Revenue Service, the Securities and Exchange Commission, the Pension Benefit Guaranty Corporation, the United States Attorney for this District and any other required governmental units;

(i)     such additional persons and entities as deemed appropriate by the Debtors.

25.     The Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a proof of claim, the procedure for filing a proof of claim and the consequences of failure to timely file a proof of claim.  The Debtors request that the Court approve the Proof of Claim Form and form of the Bar Date Notice.

26.     The Debtors submit that the Bar Date Notice will provide creditors with sufficient information to file properly prepared and executed proofs of claim in a timely manner.

### Amendments to Schedules

27. The Debtors have the right to (a) dispute, or assert offsets or defenses against, any filed claim or any claims listed or reflected in the Schedules as to nature, amount, liability, characterization, or otherwise; (b) subsequently designate any claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules. Bankruptcy Rule 1009(a) provides that notice of any amendment to the Schedules must be given to any entity affected thereby. If the Debtors amend the Schedules in a manner that would add a new claim, reduce the undisputed, non-contingent or liquidated amount of a claim, or change the nature or classification of a claim, the Debtors acknowledges that they would be obligated to satisfy the notice requirements of Bankruptcy Rule 1009(a) for each affected entity. The Debtors propose that the affected person or entity would be required to file a proof of claim by the later of (i) the applicable Bar Date and (ii) 30 calendar days after such person or entity is served with notice that the Debtors have amended their Schedules in a manner that affects such person or entity, as described in this paragraph. The Debtors shall provide a notice to the affected parties advising them of the requirement to file a proof of claim in accordance with the preceding sentence.

### Objections to Claims

28. The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds, *provided, however*, the Debtors shall not raise any procedural objection to a claim pursuant to section 503(b)(9) of the Bankruptcy Code if such claimant filed a proof of claim pursuant to the procedures set forth herein. The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

## **BASIS FOR RELIEF**

29. The Debtors believe that the procedures described herein and the Bar Date Notice are "reasonably calculated under the circumstances to apprise an interested party of the pendency of the bankruptcy case" and the requirement of filing a proof of claim by the Bar Date. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

30. Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of its estates and creditors, and should be granted in all respects.

31. No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request entry of an order: (a) amending and shortening the Initial Bar Date for filing proofs of claim from June 17, 2019 to April 30, 2019; (b) establishing April 30, 2019, as the bar date for filing claims under to 11 U.S.C. § 503(b)(9); (c) approving the form and manner of notice thereof; and (d) granting such other and further relief as this Court deems just and proper.

Dated: February 7, 2019
      Syracuse, New York

Respectfully submitted,

**BOND, SCHOENECK & KING, PLLC**

By:  /s/ Camille W. Hill
Stephen A. Donato, Esq., Bar Roll No. 101522
Camille W. Hill, Esq., Bar Roll No. 501876
Andrew S. Rivera, Bar Roll No. 700712
Office and Post Office Address:
One Lincoln Center
Syracuse, New York 13202
Tel: (315) 218-8000
Email: sdonato@bsk.com
       chill@bsk.com
       arivera@bsk.com

*Counsel to the Debtors and Debtors in Possession*