**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| CENTERSTONE LINEN SERVICES, LLC d/b/a Clarus Linen Systems, *et al[1]*. | Case No. 18-31754-mcr |
| | Jointly Administered |
| Debtors. | |

**OBJECTION OF WELLSTAR HEALTH SYSTEMS, INC. TO SECOND
SUPPLEMENTAL NOTICE OF ASSUMPTION AND ASSIGNMENT**

Wellstar Health Systems, Inc ("Wellstar"), by and through its undersigned counsel, hereby files this objection (the "Objection") with respect to that certain *Second Supplemental Notice of Assumption and Assignment* [Docket No. 182] (the "Notice") and in support thereof states:

**BACKGROUND**

1.      Prepetition, Wellstar provided linen and other textile services to Debtor Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Services LLC ("Debtor") in Georgia pursuant to a service agreement executed on or about December 1, 2014 (the "Wellstar Service Agreement"). A copy of the Service Agreement is attached hereto as Exhibit A.

2.      The Wellstar Service Agreement, which defines Debtor as "Customer", provides as follows:

> In consideration for the Services provided to Customer hereunder, Customer shall pay WellStar in accordance with the fee schedule specified in Exhibit "A," attached hereto and hereby incorporated by this reference. Payment terms are net 30 due and payable from the date of invoice. If payment in full is not received

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594) ("Centerstone"); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681) ("Atlas"); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284) ("Alliance"); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065) ("Atlanta"); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892) ("Winchester").

> within thirty (30) days after the date of issuance, interest will accrue on the outstanding balance at a rate of 1.5°/o per month. In addition, in the event that WellStar retains an attorney or collection agency because of a default by Custon1er in making any payments due WellStar hereunder Customer agrees to be responsible for all reasonable attorney's fees, court costs, and other costs incurred by WellStar.

Service Agreement at ¶ 8.

3.      Between January 2017 and October 31, 2017, Wellstar submitted eleven (11) invoices to the Debtor that remained unpaid totaling $1,017,452.98.  In addition, Debtor picked up and retained property of Wellstar valued at $83,696 for which was never returned to Wellstar.

4.      Upon information and belief, during a telephone call in October 2017, John Giardino, the Chief Executive Officer of Debtor, and Tony Trupiano, Senior Vice President of Supply Chain of Wellstar, mutually agreed to terminate the December 1, 2014 Wellstar Service Agreement due to the multiple uncured breaches by Debtor.

5.      On or about December 6, 2017, Wellstar commenced an action based on the above breaches of the contract and conversion of property.  A true and accurate copy of *Wellstar Health System, Inc. v. Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems, LLC; Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems, LLC; and ABC Corp.*, in the Superior Court of Cobb County, Georgia, under civil action file number 17-1-9277-51 (the "Complaint") is attached hereto as Exhibit B (without exhibits thereto).

6.      Rather than respond to the Complaint, Debtor agreed to discuss terms to resolve the matter. To secure Wellstar's claims, the Debtor voluntarily executed a Confession of Judgment to hold in the event the matter was not resolved and that the Debtors failed to answer or otherwise appear.  The matter was not resolved.

7.      On or about February 26, 2018, Wellstar filed a Confession of Judgment in the amount of $1,043,829.69 in its favor and against Debtor.  A copy of the Confession of Judgment is attached hereto as Exhibit C (without exhibits thereto).

8.      On February 27, 2018, a Final Order and Judgment in the Georgia action was executed by the Honorable Reuben M. Green, Judge of the Superior Court of Cobb County, Georgia. A copy of the Final Order and Judgment is attached hereto as Exhibit D.

9.      On May 23, 2018, this Judgment was domesticated in the State of New York is attached hereto as Exhibit E.

10.     On December 19, 2018, each of the Debtors filed a voluntary petition for relief with this Court under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

11.     The Debtors' cases are jointly administered.

12.     The Debtors are believed to be operating certain of their businesses and maintaining their assets as debtors in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

13.     On December 21, 2018, the Debtors filed a motion [Docket No. 35] (the "Bidding Procedures Motion") with the Court seeking, inter alia, the sale of substantially all of the Debtor Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems' assets free and clear of all liens, claims, interests and encumbrances and authorizing the Debtor to assume certain executory contracts and unexpired leases and assign such contracts and leases to Crown Health Care Laundry Services, LLC ("Purchaser").  The Bidding Procedures Motion identified that the Wellstar Service Agreement would be an Excluded Asset.

14.     On January 15, 2019, the Court approved the Bidding Procedures Motion.

15.    On February 6, 2019, the Debtors filed the Notice.  The Notice identified potential agreements that may be assumed and assigned as a part of the sale contemplated by the Bidding Procedures Motion. The Notice listed the proposed cure amount for the Wellstar Service Agreement as $0.00 (the "Cure Amount").  The Notice misstates both the effective date of the Wellstar Service Agreement as "April 1, 2016" rather than "December 1, 2014" and the amount of cure necessary if one could assume this contract.

16.    On February 8, 2019, the Debtors filed *Notice of Determination of Successful Bidders and Back-Up Bidder* [Docket No. 195].  Pursuant to this notice, the Debtors have identified Children's Holding Group, LLC as the Atlanta Back-Up Bidder to the Atlanta Assets and who seeks the Wellstar Service Agreement as one of the contracts that to be assumed and assigned as part of its backup bid.

## OBJECTION

17.    Wellstar Service Agreement was terminated pre-petition, and may not be assumed in this bankruptcy proceeding. Even if it were determined that the Wellstar Service Agreement was not terminated perpetition, contrary to the Second Supplemental Notice of Assumption and Assignment and Notice of Successful Bidder and Back-Up Bidder, the Wellstar Service Agreement is subject to a cure amount of over $1 million.

18.    Section 365 of the Bankruptcy Code states, in part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A)    cures, or provides adequate assurance that the trustee will promptly cure such default ... ;
>
> (B)    compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C)    provides adequate assurance of future performance under such contract or lease.

19.    Executory contracts or leases that are terminated pre-petition are no longer available for assumption or rejection under 11 U.S.C. § 365 because there is nothing left for the debtor to assume or reject.  Because the parties agreed to termination of the Wellstar Service Agreement in October of 2017, the Debtors may not assume or assign this agreement pursuant to Section 365.

20.    Even if the Court determines that there were no prepetition termination of the Wellstar Service Agreement, unpaid amounts due under the agreement must be paid in full to effectuate a cure under Section 365.  See *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005).  Wellstar hereby objects to the Cure Amount in the Notice and as explained above, the correct Cure Amount for assumption of the Wellstar Service Agreement is at least $1,043,829.69.

21.    Furthermore, the Debtors have provided no information to Wellstar of the Backup Bidder's adequate assurance of future performance under the Wellstar Service Agreement and objects on that basis as well.

22.    Wellstar reserves the right to raise any arguments raised by any other party in their pleadings and reserves the right to raise other objections to the Notice including, without limitation, the right to file any such further and additional objections or at any hearing.

23.    Wellstar further reserves all of its rights to raise any issues contained in its Objection and any other related issues in any procedurally-appropriate contested matter and/or adversary proceeding, including, without limitation, (i) a separate adversary proceeding requesting any appropriate declaratory and/or injunctive relief, (ii) or an objection to any subsequent motion seeking approval of an asset sale to any  prospective asset purchaser with

respect to any contractual rights that may be adversely affected by a sale motion or the confirmation of any plan.

WHEREFORE, for the reasons set forth herein, Wellstar respectfully objects to any assumption of the Wellstar Service Agreement because it was terminated prepetition and/or unless a complete and immediate payment of all Cure Amounts is made prior to the assumption and such assumption and assignment otherwise adequately resolves the objections set forth above; and requests such other and further relief as may be just and required under all of the circumstances.

Dated: February 11, 2019   **MCELROY, DEUTSCH, MULVANEY
           & CARPENTER, LLP**

           */s/ Theodore Baum*
           Theodore Baum, Esq. Bar Roll No. 505009
           820 Bausch & Lomb Place
           Rochester, NY 14604
           Phone: (585) 623-4290
           Facsimile: (585) 434-1166
           tbaum@mdmc-law.com

           *Counsel to Wellstar Health Systems, Inc.*