| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF NEW YORK<br>---------------------------------------------------------- | Hearing Date: February 13, 2019<br>Hearing Time: 12:00 p.m.<br>Hearing Location: Syracuse, New York |

In re:

CENTERSTONE LINEN SERVICES, LLC,     Case No. 18-31754 (Main Case)
*et al*.,     Chapter 11
                             Debtors.
----------------------------------------------------------

## THE UNITED STATES TRUSTEE'S SUPPLEMENTAL OBJECTION TO DEBTORS' MOTION FOR AUTHORIZATION OF THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF DEBTOR ALLIANCE LAUNDRY & TEXTILE SERVICE, LLC

TO THE HONORABLE MARGARET CANGILOS-RUIZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:

      William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), in furtherance of his duties and responsibilities, set forth in 28 U.S.C. §§ 586(a)(3),(5), submits this supplemental objection to the motion by Centerstone Linen Services, LLC, *et al*., ("Debtors") seeking authorization for the sale of substantially all of the assets of Debtor Alliance Laundry & Textile Services, LLC ("Alliance") and for the Alliance to enter into agreements and consummate all transactions related to the proposed sale, and for other related relief (the "Motion"). In support of this supplemental objection, the United States Trustee respectfully submits as follows:

      1.      On December 19, 2018, ("Petition Date"), Centerstone Linen Services, LLC filed a voluntary chapter 11 petition for relief under Title 11 of the United States Code (the "Bankruptcy Code").

      2.      The Debtors continue to operate as a debtor in possession under Sections 1107(a) and 1108 of the Bankruptcy Code.

1

3. A committee of unsecured creditors was appointed on January 10, 2019.

4. The Motion was filed on December 21, 2018 and sought approval of Bidding Procedures and other related relief, pursuant to a proposed Asset Purchase Agreement ("APA"), with respect to the sale of certain assets to Crown Health Care Laundry Services, LLC (the "Crown Assets"). The United States Trustee filed an Objection including a Reservation of Rights on January 8, 2019 to the Motion and proposed sale, seeking assurance that the estate would receive a benefit to the estate.

5. An order approving the Motion, in part, was entered on January 15, 2019, setting deadline and approval requirements and procedures for competing bids and scheduling a hearing date and respective deadlines to consider the approval of the sale of Crown Assets in addition to the procedures for a separate sale of Debtor's assets identified as Atlanta PP&E (the "Atlanta Assets") on February 13, 2019 ("Bidding Procedures Order").

6. The auction was held on February 7, 2019 pursuant to the Bidding Procedures at the offices of Bond, Schoeneck & King. Crown Health Care Laundry, LLC was the only bidder for the Crown Assets and was therefore deemed the highest and best offer. However, the Debtor received competing bids for the Atlanta Assets resulting in the highest and best offer from AMCP Clean Acquisition Company, LLC in the amount of $525,000 and a back-up bid from Children's Holding Group, LLC in the amount of $520,300.

7. Under Second Circuit law, the court must find that the debtor has a "good business reason" to grant a sale under 11 U.S.C. § 363 outside the ordinary course of business. The relevant factors in consideration of such a request to sell assets include:

> [t]he proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition

2

vis-a-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value.

*In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

8. The applicant bears the burden of demonstrating that the proposed sale will aid in the debtor's reorganization and is supported by good business judgment. *See In re Ionosphere Clubs, Inc.,* 100 B.R. 670, 677 (Bankr.S.D.N.Y.1989).

9. The United States Trustee submits that proceeds from the sale of the Crown Assets and the Atlanta assets should be placed in escrow pending an appropriate carve-out agreement among the parties for an adequate wind-down budget, including all administrative expenses through closure of the case, all professional fees, Court fees and U.S. Trustee quarterly fees. Absent a carve-out and sufficient allocation for winding down the estate, the estate bears a significant burden to the detriment of unsecured creditors and risks absolute administrative insolvency. Such a result violates the *Lionel* factors.

**WHEREFORE** the United States Trustee requests that the Court deny the Motion in its entirety, together with any other and further relief the Court may deem just and necessary.

Dated: February 11, 2019
Utica, New York

    Respectfully submitted,
    **WILLIAM K. HARRINGTON**
    **UNITED STATES**
    **TRUSTEE FOR REGION 2**

    By: /s/ Guy A. Van Baalen
    Guy A. Van Baalen
    Assistant United States Trustee
    105 U.S. Courthouse & Federal Building
    Utica, New York 13501
    (315) 793-8191