UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:

CENTERSTONE LINEN SERVICES, LLC,
d/b/a "Clarus Linen Services", et. al,

Debtors

Case No. 18-31754-5-mcr
Main Case
Chapter 11 Cases
Jointly Administered

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In Re:

ATLAS HEALTH CARE LINEN
 SERVICES, CO., LLC,
d/b/a "Clarus Linen Systems",

Debtor

Case No. 18-31753-5-mcr
Chapter 11
Jointly Administered

**MOTION BY MOUNT ST. MARY'S HOSPITAL OF NIAGARA FALLS FOR: (a) AN ORDER PURSUANT TO 11 USC SECTION 365  REQUIRING ATLAS HEALTH CARE LINEN SERVICES, CO. LLC d/b/a "CLARUS LINEN SYSTEMS" TO  REJECT IMMEDIATELY THE "LINEN SERVICES AGREEMENT" DATED AS OF JUNE 25, 2013, OR ALTERNATIVELY REQUIRING ATLAS HEALTH CARE LINEN SERVICE, CO., LLC TO FILE A MOTION WITHIN THIRTY (30) DAYS FOR THE ASSUMPTION OR REJECTION OF SAID LINEN SERVICES AGREEMENT, AND (b) AN ORDER PURSUANT TO 11 USC SECTION 1104(a)(2) APPOINTING AN OPERATING TRUSTEE IN THE CAE OF ATLAS HEALTH LINEN CARE SERVICES, CO., LLC**

Mount St. Mary's Hospital of Niagara Falls, by its attorneys, Melvin & Melvin, PLLC, as

and in support of this motion, does hereby allege and show as follows:

1.      Mount St. Mary's Hospital of Niagara Falls ("MSM") is a New York not-for-

profit corporation which owns and operates a hospital located at 5300 Military Road, Lewiston,

New York 14092 ("St. Mary's Hospital").  St. Mary's Hospital has a total of 175 beds (not

including bassinettes) and an average daily patient population of 89 (not including new-borns).

1

2.      By way of comparison, St. Joseph's Hospital in Syracuse has about 451 beds; Auburn Community Hospital has about 99 beds; St. Peter's Hospital in Albany has about 442 beds; and Faxton-St. Luke's Hospital in Utica has about 370 acute care beds and 202 long term care beds.

3.      The sole member of MSM is Catholic Health System, Inc. ("CHS"). CHS is a New York not-for-profit corporation whose principal offices are located at 144 Genesee Street, Buffalo, New York 14203. CHS does not own or operate any hospital in its own name but in addition to MSM it is the sole member of Mercy Hospital of Buffalo, Sisters of Charity Hospital of Buffalo, New York, and Kenmore Mercy Hospital, each of which own and operate hospital facilities in the Buffalo area and cumulatively have a total of 984 beds. The sole members of CHS are the Buffalo Diocese of the Catholic Church and Trinity Health. Trinity Health is a national not-for-profit Catholic health care system which operates 93 hospitals in 22 states, including St. Joseph's Hospital in Syracuse.

4.      On June 25, 2013, MSM executed its "Linen Services Agreement" ("MSM Contract") with Atlas Health Care Linen Services Co., LLC d/b/a "Clarus Linen Systems" ("Clarus") for Clarus's provision of institutional laundry services to it.  A copy of the MSM Contract is annexed hereto as Exhibit A.

5.      The MSM Contract is similar to but totally separate from and independent of the "Linen Services Agreement" dated August 13, 2010 which is the subject of similar motions filed by Altus Management, LLC and by Catholic Health System, Inc., Mercy Hospital of Buffalo, Sisters of Charity Hospital of Buffalo, New York, and Kenmore Mercy Hospital.

6.      In paragraph 2.1(a) of the MSM Contract it was stated: "During the term of this Agreement, all of the laundry and linen service requirements of Client shall be performed exclusively by Atlas and Client shall not obtain such service from any other person or entity".

7.      Since June, 2013, MSM has obtained substantially all its laundry and linen services from Clarus.

8.      However, the performance of Clarus as a provider of linens and laundry services has been abysmal and in substantial and material breach of its obligations pursuant to the MSM Contract. In particular, Clarus has consistently failed to deliver a timely and appropriate quantity of general bedding, patient and surgical gowns, anti-ligature linens, and procedural linens. The failure of Clarus to service the laundry and linen needs of MSM has resulted in large monetary expense to it, and has severely disrupted the operations thereof including the scheduling of medical and surgical procedures.

9.      It is the position of MSM that unless the linen supply problems and other problems created by Clarus are rectified it is possible that at some point the health, safety, and welfare of the patients of its hospital could be impaired. It is also the position of MSM that the fastest and most reliable way to rectify those linen supply and other problems would be through the rejection by Clarus of the MSM Contract so that MSM could cover its needs through other and more competent vendors.

10.     On or about even date herewith, Altus Management, LLC has or will file a motion ("Altus Motion"): (a)  for an Order pursuant to 11 USC Section 365 requiring Clarus to reject immediately that certain "Linen Services Agreement" dated August 13, 2010 ("Altus Contract") between Clarus (as assignee of Sodexo Laundry Services, Inc.) and Altus Management, LLC (then known as Western New York Purchasing Alliance), or alternatively requiring Clarus to file

3

a motion within thirty (30) days for the assumption or rejection of the Altus Contract, and (b) for an Order pursuant to 11 USC Section 1104(a)(2) appointing an operating trustee in the Chapter 11 case of Clarus if such becomes necessary to aid in the transition to a new vendor after rejection of the Altus Contract.

11.      MSM hereby confirms and reiterates the statements and allegations set forth in the Altus Motion. In particular, MSM confirms, reiterates and incorporates herein those statements and allegations set forth in those parts of the Altus Motion entitled "Linen Shortage/Non-Delivery of Linen", "Purchase of Linen", "Purchase of Disposable Linens", and "Impact".

12.      Pursuant to this motion, MSM hereby requests that this Court issue: (a) an Order pursuant to 11 USC Section 365 requiring Clarus to reject the MSM Contract immediately, or alternatively requiring Clarus to file a motion for the assumption or rejection of the MSM Contract  within thirty (30) days, and (b) an Order pursuant to 11 USC Section 1104(a)(2) appointing an operating trustee in the Chapter 11 case of Clarus if such becomes necessary to aid in the transition to a new vendor after rejection of the MSM Contract.

13.      Upon the rejection of the MSM Contract, MSM shall and hereby does reserve its rights under applicable non-bankruptcy law to: (a) procure or "cover" all its laundry and linen requirements from a vendor other than Clarus, and (b) require Clarus to continue service under the MSM Contract on a limited phase-out or wind-down basis lasting perhaps one to four months until MSM has been able to achieve a complete transition to such other vendor, including the completion of such other vendor's preparation or "ramp-up" requirements.

14.      It is respectfully submitted that if Clarus is unable or unwilling to attempt to continue service under the rejected MSM Contract during the aforesaid phase-out or wind-down interval, or if Clarus has indicated its desire to convert its case to one under Chapter 7, then this

Court should issue an Order pursuant to 11 USC Section 1104 appointing an operating trustee to operate the business of Clarus during such limited interval. In this regard it is respectfully urged to the Court that the maintenance of laundry and linen services is very important to the health, safety and welfare of the patients of MSM. Accordingly, if Clarus is unable or unwilling to attempt to service this hospital during the aforesaid phase-out or wind-down interval, the appointment of an operating trustee would greatly assist MSM in maintaining the care of its patients.

15.    If the Court does not require Clarus to reject the MSM Contract immediately, then MSM reserves all rights and remedies pursuant to 11 USC Section 365, including the right to require Clarus to cure all of its existing defaults under the MSM Contract and to provide adequate assurance of its future performance thereof.

16.    It is respectfully submitted that any relief granted to Altus Management, LLC concerning the rejection of the Altus Contract ought to apply to the present application of MSM concerning the MSM Contract.

17.    Conversely, it is respectfully submitted that the Court's denial of any of the relief requested by Altus Management, LLC concerning the rejection of the Altus Contract should not necessarily be binding on MSM in this separate motion.

18.    No prior application has been made for the relief requested herein.

WHEREFORE, Mount St. Mary's Hospital of Niagara Falls requests: (a) an Order: pursuant to 11 USC Section 365 requiring Atlas Health Care Linen Services Co., LLC d/b/a "Clarus Linen Systems" to reject the MSM Contract  immediately, or alternatively requiring Atlas Health Care Linen Services Co., LLC d/b/a "Clarus Linen Systems" to file a motion within thirty (30) days for the assumption or rejection of the MSM Contract, and (b) an Order pursuant

5

to 11 USC Section 1104(a)(2) appointing an operating trustee in the Chapter 11 case of Atlas

Health Care Linen Services Co., LLC d/b/a "Clarus Linen Systems" if such becomes necessary

to aid in the transition to a new vendor after rejection of the MSM Contract; and Mount St.

Mary's Hospital of Niagara Falls furthermore requests an Order granting to it such other and

further relief which as to the Court may seem just and proper.

Dated: February 11, 2019

Respectfully,

MELVIN & MELVIN, PLLC
BY: LOUIS LEVINE, ESQ.
Attorneys for Mount St. Mary's Hospital
 of Niagara Falls
Office and P.O. Address
217 South Salina Street, Suite 700
Syracuse, New York 13202
Tel: (315) 422-1311