So Ordered.

Signed this 4 day of March, 2019.

_____
Margaret Cangilos-Ruiz
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

CENTERSTONE LINEN SERVICES, LLC,
Atlas Health Care Linen Services Co., LLC,
Alliance Laundry & Textile Service, LLC,
Alliance Laundry and Textile Service of Atlanta, LLC, and
Alliance LTS Winchester, LLC
d/b/a Clarus Linen Systems,[1]

Debtors.

) Case Nos.
) 18-31754 (main case)
) 18-31753
) 18-31755
) 18-31756
) 18-31757
)
) Chapter 11 Cases
) Jointly Administered

**ORDER (A) SHORTENING ESTABLISHED BAR DATE FOR FILING
PROOFS OF CLAIM; (B) ESTABLISHING BAR DATE FOR
FILING CLAIMS UNDER 11 U.S.C. § 503(B)(9); AND (C)
APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order (a) shortening the established bar date for filing proofs of claim, (b) establishing a bar date

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594) ("Centerstone"); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681) ("Atlas"); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284) ("Alliance"); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065) ("Atlanta"); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892) ("Winchester").

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

for filing claims pursuant to 11 U.S.C. § 503(B)(9), and (c) approving the form and manner of notice thereof.; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and notice of the Motion being sufficient under the circumstances; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted, as set forth herein.

2. As used herein, (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, and (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code.

3. The proof of claim form, attached hereto as **Exhibit 1** (the "Proof of Claim Form"), notice of the Bar Dates in a form substantially similar to the notice attached hereto as **Exhibit 2** (the "Bar Date Notice"), and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7) and 2002(l). The form and manner of notice of the Bar Dates approved herein are deemed to fulfill the notice requirements of the Bankruptcy Code and the Bankruptcy Rules.

4. Except as otherwise provided herein, any person or entity (excluding governmental units) holding a claim against the Debtors that arose or is deemed to have arisen prior to the Petition Date must file a proof of claim on or before **April 30, 2019 at 11:59 p.m. (prevailing Eastern time)** (the "Shortened Bar Date").

5. The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4) and (5), and 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims. The filing of a proof of claim form shall be deemed to satisfy the procedural requirements for the assertion of

administrative priority claims under section 503(b)(9) of the Bankruptcy Code, without the need for any further request for payment to be made to the Court under Section 503 of the Bankruptcy Code. All other Administrative Claims under section 503(b) of the Bankruptcy Code shall be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by proof of claim. Claims under section 503(b)(9) of the Bankruptcy Code must be filed by proof of claim form by the General Bar Date in accordance with this Order and the procedures herein.

6. Except as otherwise provided herein, any governmental unit (as defined in section 101(27) of the Bankruptcy Code) holding a claim against the Debtors that arose or is deemed to have arisen prior to the Petition Date must file a proof of claim on or before **June 17, 2019 at 11:59 p.m. (prevailing Eastern time)** (the "Governmental Unit Bar Date" and together with the General Bar Date, the "Bar Dates").

7. The Governmental Unit Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

8. Subject to the exceptions described in paragraphs 9 and 10 below, the following entities must file a proof of claim on or before the General Bar Date:

    (a)    any entity (i) whose prepetition claim against the Debtors is not listed in the Debtors' Schedules or is listed as disputed, contingent or unliquidated and (ii) that desires to participate in this Chapter 11 Cases or share in any distribution in the Chapter 11 Cases; and

    (b)    any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

9. The following procedures must be utilized by each person or entity seeking to file a proof of claim in the Chapter 11 Cases:

(a) Proofs of claim must be on the Proof of Claim Form attached hereto as **Exhibit 1** or otherwise conform substantially to Official Bankruptcy Form No. 10;

(b) Proofs of claim must be filed either by (i) mailing the original proof of claim to Clerk of Court, U.S. Bankruptcy Court, Northern District of New York, U.S. Bankruptcy Court James M. Hanley U.S. Courthouse and Federal Building, ~~100 South Clinton Street~~ P.O. Box 7008, Syracuse, NY 13261, or (ii) filing such proof of claim electronically through ePOC, which is available via the Court's website (http://www.nynb.uscourts.gov);

(c) Proofs of claim will be deemed filed only when *actually received* by the Court on or before the applicable Bar Date; and

(d) Proofs of claim must: (i) be signed; (ii) include supporting documentation (or, if such documents are voluminous, a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency.

10. The following persons or entities are *not* required to file a proof of claim on or before the Bar Date:

(e) any person or entity that has *already* properly filed a proof of claim against the applicable Debtor or Debtors in a form substantially similar to the Proof of Claim Form;

(f) any person or entity whose claim is listed on the Schedules; *provided* that (i) the claim is *not* scheduled as "disputed," "contingent" or "unliquidated," (ii) the person or entity agrees with the amount, nature and priority of the claim as set forth in the Schedules *and* (iii) the person or entity agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(g) any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(h) any person or entity whose claim has been paid in full by any of the Debtors;

(i) any current employee of the Debtors, and any labor union authorized by law to represent any current employee, in each case solely with respect to any claim based on the payment of wages, salaries and vacation pay arising in the ordinary course of business and previously authorized to be paid by order of the Court, including the interim and final wage orders approved by the Court, *provided, however*, that if the Debtors provide written notice to any current employee stating that the Debtors do not

intend to exercise their authority to pay such claim, such employee shall have until the later of (i) the applicable Bar Date and (ii) 30 days from the date of service of such written notice, to file a proof of claim;

(j) any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(k) any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any unpaid administrative expense claim allowable under section 503(b)(9) of the Bankruptcy Code); and

(l) any Debtor.

11. Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection by the later of (a) the applicable Bar Date and (b) 30 days after notice by the Debtors of the entry of an order authorizing rejection to which the claim relates.

12. Any entity asserting a setoff right in its proof of claim shall be entitled to exercise such setoff unless and until the Debtors file an objection with respect to such setoff prior to the expiration of the relevant deadline for the Debtors to file any such an objection.

13. The Debtors shall retain the right to: (a) dispute, or assert offsets or defenses against, any filed proof of claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules. If the Debtors amend or supplement their Schedules in a manner that would add a new claim, reduce the undisputed, non-contingent or liquidated amount of a claim, or change the nature or classification of a claim, the Debtors shall give notice of any such amendment or supplement to the holders of claims affected thereby, including notice that the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim accordance with the procedures described herein by the later of (a) the General Bar Date and (b) 30 days after the date that notice of the applicable amendment to the

Schedules is served on the claimant. Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

14. Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim against one or more of the Debtors who is required, but fails to timely file a proof of such claim in appropriate form in accordance with the terms of this Order shall be forever barred, estopped and enjoined from asserting such claim against in the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their chapter 11 estates and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim in these Chapter 11 Cases, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these Chapter 11 Cases or participate in any distribution in the Debtors' Chapter 11 Cases on account of such claim or to receive further notices regarding such claim.

15. The Debtors shall serve (i) a copy of this Order, (ii) the Bar Date Notice and (iii) a Proof of Claim Form (collectively, the "Bar Date Notice Package") by first class mail, postage prepaid, within five (5) business days of the entry hereof, upon:

(a) the United States Trustee;

(b) counsel to the Committee;

(c) all persons or entities that have requested notice of the proceedings in the Chapter 11 Cases;

(d) all persons or entities that have filed claims;

(e) all known holders of prepetition claims listed on the Schedules at the addresses stated therein;

(f) all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

(g) all parties to litigation with the Debtors;

(h) the Internal Revenue Service, the Securities and Exchange Commission, the Pension Benefit Guaranty Corporation, the United States Attorney for this District and any other required governmental units;

    (i)    the parties requesting notice in the Chapter 11 Cases under Bankruptcy Rule 2002; and

    (j)    such additional persons and entities as deemed appropriate by the Debtors.

16.    Upon the advance express written consent of the Debtors, a claimant's proof of claim may be filed without the documents required by Bankruptcy Rules 3001(c) and 3001(d); *provided, however*, that any claimant that receives such a written consent shall be required to transmit these documents in support of its claim to the Debtors or other parties in interest within ten (10) days after the date of a written request for such documents.

17.    The Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

18.    The entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims not subject to the General Bar Date established herein must file such proofs of claim or be barred from doing so.

19.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###