# Exhibit 2

## Bar Date Notice

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

CENTERSTONE LINEN SERVICES, LLC,
Atlas Health Care Linen Services Co., LLC,
Alliance Laundry & Textile Service, LLC,
Alliance Laundry and Textile Service of Atlanta, LLC, and
Alliance LTS Winchester, LLC
*d/b/a Clarus Linen Systems*,

Debtors.

) Case Nos.
) 18-31754 (main case)
) 18-31753
) 18-31755
) 18-31756
) 18-31757
)
) Chapter 11 Cases
) Jointly Administered

**NOTICE OF NEW SHORTENED BAR DATE OF APRIL 30, 2019 AS DEADLINE FOR FILING ALL NON-GOVERNMENTAL PROOFS OF CLAIM AND FOR ASSERTING ADMINISTRATIVE CLAIM UNDER BANKRUPTCY CODE § 503(B)(9)[1]**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ENTITIES LISTED BELOW**

| DEBTOR | ADDRESS | CASE NO. | TAXPAYER ID NO. |
|---|---|---|---|
| Centerstone Linen Services, LLC d/b/a Clarus Linen Systems | 60 Grider Street, Buffalo, New York 14215 | 18-31754 | 26-1825594 |
| Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems | 414 Taylor Street, Syracuse, New York 13202; and 60 Grider Street, Buffalo, New York 14215 | 18-31753 | 26-2672681 |
| Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems | 355 Old Greenville Road, Spartanburg, South Carolina 29301; 1631 Willingham Drive, East Point, Georgia 30344; and 404 Hodges Avenue, Albany, Georgia 31701 | 18-31755 | 58-2478284 |
| Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems | 1700 Maple Avenue, S.W., Rome, Georgia 30161 | 18-31756 | 73-1664065 |

---

[1] 11 U.S.C. § 503(B)(9) provides an administrative expense claim for the value of any goods sold to and received by the debtor within twenty (20) days before the bankruptcy was filed that were sold in the ordinary course of business.

3295519.1

| DEBTOR | ADDRESS | CASE NO. | TAXPAYER ID NO. |
|---|---|---|---|
| Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems | 1280 Baxter Lane, Winchester, Tennessee 37398 | 18-31757 | 37-1640892 |

**PLEASE TAKE NOTICE THAT,** on March 1, 2019, the United States Bankruptcy Court for the Northern District of New York (the "Court") has entered an Order establishing **April 30, 2019 at 11:59 p.m. (prevailing Eastern Time)** (the "Amended Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and non-governmental units) to file a proof of claim against the Debtors listed above (the "Debtors"). In addition, the Court established **April 30, 2019 at 11:59 p.m. (prevailing Eastern Time)** (the "503(b)(9) Bar Date") as the last date and time by which any person or entity (excluding governmental units) holding a claim against the Debtors that arose or is deemed to have arisen out of goods sold to the Debtors in the ordinary course of the Debtors' businesses within the 20 days prior to the Petition Date, must file a proof of claim.

The bar date for governmental units to file proofs of claim against the Debtors will remain **June 17, 2019 at 11:59 p.m. (prevailing Eastern Time)**. The Amended Bar Date, the 503(b)(9) Bar Date and the Governmental Unit Bar Date, are collectively referred to herein as the "Bar Dates."

The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose prior to December 19, 2018, the date on which the Debtors commenced their cases under chapter 11 of the United States Bankruptcy Code, except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

1. **WHO MUST FILE A PROOF OF CLAIM**

(a) You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that

arose prior to December 19, 2018 (the "Petition Date"), and it is not one of the types of claims described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

(b) You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose in connection with the sale of goods to the Debtors within the 20 days prior to the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**2.    WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 10; a case-specific proof of claim form accompanies this notice. The Debtors are enclosing a proof of claim form for use in these cases. You may utilize the proof of claim form(s) provided by the Debtors to file your claim. Additional proof of claim forms may be obtained at www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English, designate the specific Debtor the claim is asserted against, and be denominated in United States currency. You

should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

**3.     WHEN AND WHERE TO FILE**

Proofs of claim will be deemed filed only when <u>received</u> by the Court on or before the applicable Bar Date either (i) by mail to Clerk of Court, U.S. Bankruptcy Court, Northern District of New York, James M. Hanley U.S. Courthouse and Federal Building, 100 South Clinton Street, Syracuse, NY  13261 or (ii) electronically through ePOC, which is available via the Court's website (http://www.nynb.uscourts.gov).

**4.     WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on or prior to the applicable Bar Date if you are:

(a)     A person or entity that has already properly filed a proof of claim against the applicable Debtor or Debtors in a form substantially similar to the Proof of Claim Form;

(b)     A person or entity whose claim is listed on the Schedules; provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated," (ii) the person or entity agrees with the amount, nature and priority of the claim as set forth in the Schedules and (iii) the person or entity agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c)     A person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d)     A person or entity whose claim has been paid in full by any of the Debtors;

(e)     A current employee of the Debtors, and any labor union authorized by law to represent any current employee, in each case solely with respect to any claim based on the payment of wages, salaries and vacation pay arising in the ordinary course of business and previously authorized to be paid by order of the Court, including the interim and final wage orders approved by the Court, provided, however, that if the Debtors provide written notice to any current employee stating that the Debtors do not intend to exercise their authority to pay such claim, such employee shall have until the later

of (i) the applicable Bar Date and (ii) 30 days from the date of service of such written notice, to file a proof of claim;

(f) A person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(g) A person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any unpaid administrative expense claim allowable under section 503(b)(9) of the Bankruptcy Code); and

(h) A Debtor.

If you are a holder of an equity interest in the Debtors, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the applicable Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim against the Debtors or that the Debtors or the Court believe that you have a claim against the Debtors.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the applicable Bar Date, you must file a proof of claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

**6.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPT FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, FROM VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

**7.     THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules"). To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your claim(s). If you received post-petition payments from the Debtors (as authorized by the Court) on account of your claim, the enclosed proof of claim form will reflect the net amount of your claims.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules; however, you may rely on the enclosed form, which lists your claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the claim is disputed, contingent or unliquidated.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's Internet Website at http://www.nynb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records (PACER) are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  In addition, copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, Northern District of New York, James M. Hanley U.S. Courthouse and Federal Building, 100 South Clinton Street, Syracuse, NY  13261.  Finally, copies of the Debtors' Schedules may also be obtained by written request to Debtors' counsel at the address listed below.

A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.

Dated: March 1, 2019
      Syracuse, New York       **BOND, SCHOENECK & KING, PLLC**

By:     /s/  Camille W. Hill
Stephen A. Donato, Esq., Bar Roll No. 101522
Camille W. Hill, Esq., Bar Roll No. 501876
Andrew S. Rivera, Bar Roll No. 700712
Office and Post Office Address:
One Lincoln Center
Syracuse, New York 13202
Tel: (315) 218-8000
Email: sdonato@bsk.com
      chill@bsk.com
      arivera@bsk.com

*Counsel to the Debtors and Debtors in Possession*