Hearing Date: March 21, 2019<br>
Time: 11:30 a.m.<br>
Hearing Location: Syracuse, New York

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case Nos. |
| CENTERSTONE LINEN SERVICES, LLC, | ) 18-31754 (main case) |
| Atlas Health Care Linen Services Co., LLC, | ) 18-31753 |
| Alliance Laundry & Textile Service, LLC, | ) 18-31755 |
| Alliance Laundry and Textile Service of Atlanta, LLC, and | ) 18-31756 |
| Alliance LTS Winchester, LLC | ) |
| d/b/a Clarus Linen Systems[1], | ) 18-31757 |
| | ) |
| Debtors. | ) Chapter 11 Cases |
| | ) Jointly Administered |
| | ) |

**MOTION FOR ORDER PURSUANT TO 11 U.S.C. § 365(a)
AUTHORIZING DEBTOR ALLIANCE LAUNDRY & TEXTILE
SERVICE, LLC d/b/a CLARUS LINEN SYSTEMS TO REJECT
EXECUTORY NATURAL GAS SUPPLY AGREEMENT WITH
CONSTELLATION NEW ENERGY-GAS DIVISION, LLC**

Debtor Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (the "Alliance"), by and through its undersigned counsel, respectfully submits this motion (the "Motion") to the Court seeking entry of an order, pursuant to 11 U.S.C. § 365(a), authorizing Alliance to reject an executory Natural Gas Supply Agreement with Constellation New Energy-Gas Division, LLC ("Constellation"). In further support of the Motion, Alliance respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594) ("Centerstone); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681) ("Atlas"); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284) ("Alliance"); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065) ("Atlanta"); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892) ("Winchester").

1

3303512.2

## JURISDICTION

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is section 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended (the "Bankruptcy Code").

## BACKGROUND

4. On December 19, 2018 (the "Petition Date"), Alliance and its four affiliates (collectively, the "Debtors") filed separate, voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of New York (the "Court"), commencing the Debtors' chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being administered jointly pursuant to an Orders entered by this Court on December 20, 2018.

5. On January 10, 2019, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 Cases pursuant to section 1102(a) of the Bankruptcy Code. No trustee or examiner has been appointed, and neither has a request for the appointment of a trustee or examiner been made in these Chapter 11 Cases.

6. The Debtors are leading providers of high-quality linen rental and commercial laundry services to the healthcare industry, primarily supplying scrubs, sheets, towels, blankets, patient apparel and other linen products to hospitals and healthcare clinics via long-term contacts. The companies employ strict quality assurance measures and have been recognized for

outstanding performance in the areas of infection control, hygienically clean linens and employee safety. Centerstone is the corporate parent of four subsidiary corporations (debtors Atlas, Alliance, Atlanta and Winchester) and provides back-office and administrative support to them. Atlas currently operates two production facilities in New York. Until 11:59 p.m. on February 21, 2019, Alliance operated two facilities in Georgia and one in South Carolina. Atlanta and Winchester are not currently operating production facilities.

7.  A more detailed factual background relating to the commencement of the Chapter 11 Cases is set forth in the *Affidavit of John J. Giardino in Support of Chapter 11 Petitions and First Day Applications* sworn to on the 19th day of December, 2018 [Dkt. No. 12].

## DISCUSSION

8.  Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The decision to assume or reject an unexpired lease or executory contract is a matter within the "business judgment" of the debtor. *See In re Klein Sleep Products, Inc.*, 78 F.3d 18 (2d Cir. 1996); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (the focus is on the best "business judgment" of the debtor and its determination of whether the lease or executory contract would be beneficial or burdensome to the estate). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim or caprice. *See Lubrizol Enters. V. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1980), *cert. denied*, 475 U.S. 1057 (1986).

9.  On March 23, 2015, Alliance entered into a Master Retail Natural Gas Supply Agreement (the "Supply Agreement") with Constellation to purchase natural gas and related

products for its Spartanburg, South Carolina facility (the "Spartanburg Facility"). A copy of the Supply Agreement is attached hereto as **Exhibit A**. The Supply Agreement sets forth the general terms and conditions for the purchase and sale of natural gas and related products, including that Constellation shall sell and supply the quantity of gas specified in a separate document titled "Transaction Confirmation". The Transaction Confirmation provides for an effective period of twelve months, beginning January 1, 2019, and ending December 31, 2019.

10. On February 19, 2019, the Court entered an *Order Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code (A) Approving Sale of Substantially All of Debtor Alliance Laundry& Textile Service, LLC d/b/a Clarus Linen System's Assets to Crown Health Care Laundry Service, LLC Free and Clear of Liens, Claims, Obligations, Interests and Encumbrances; (B) Approving Assumption and Assignment of Executory Contacts; (C) Authorizing Debtor to Consummate Transactions Related Thereto; and (D) Granting Related Relief* [Dkt. No. 241] which approved the sale of certain of Alliance's assets to Crown Health Care Laundry Service, LLC ("Crown").

11. Crown purchased substantially all of Alliance's assets located at the Spartanburg facility; however, it did not elect to take an assignment of the Supply Agreement. The Crown asset sale closed on February 22, 2019 and Alliance ceased operating as of that date.

12. The Supply Agreement only has value to Alliance's estate to the extent that Alliance requires natural gas to operate the Spartanburg facility. After the closing of the Crown sale, Alliance no longer operates the Spartanburg facility or requires natural gas. Alliance has evaluated the Supply Agreement in the context of the Bankruptcy Code and has determined that the Agreement is burdensome to its estate and it is in the best interest of Alliance's estate to reject the Supply Agreement.

13. Alliance, therefore, requests that the Court authorize it to reject the Supply Agreement pursuant to section 365(a) of the Bankruptcy Code, effective as of February 22, 2019. Alliance has determined that the rejection of the Supply Agreement will not adversely impact the Debtors' other operations or their ability to continue providing a high standard of service to their customers.

14. Notice of this Motion has been given to (a) the Office of the United States Trustee; (b) counsel for HSBC Bank USA, National Association; (c) counsel to the Committee; (d) Constellation; and (e) all parties filing Notices of Appearance and requests for papers in these Cases.

15. No previous motion for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, Alliance respectfully requests that the Court enter an Order, pursuant to section 365(a) of the Bankruptcy Code, authorizing it to reject the Supply Agreement, effective as of February 22, 2019, and granting such other and further relief as the Court deems just and proper.

Dated: March 7, 2019
      Syracuse, New York

BOND, SCHOENECK & KING, PLLC

By: *Camille W. Hill*
Stephen A. Donato, Bar Roll No. 101522
Camille W. Hill, Bar Roll No. 501876
Andrew S. Rivera, Bar Roll No. 700712
Office and Post Office Address:
One Lincoln Center
Syracuse, New York 13202
Tel: (315) 218-8000
Fax: (315) 218-8100
Email: sdonato@bsk.com
      chill@bsk.com
      arivera@bsk.com

*Counsel to the Debtors and Debtors in Possession*