# EXHIBIT "B"

# Proposed Bidding Procedures Order
# (without schedules)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Case Nos. |
| CENTERSTONE LINEN SERVICES, LLC, | ) 18-31754 (main case) |
| ATLAS HEALTH CARE LINEN SERVICES CO., LLC, | ) 18-31753 |
| ALLIANCE LAUNDRY & TEXTILE SERVICE, LLC, | ) 18-31755 |
| ALLIANCE LAUNDRY AND TEXTILE SERVICE OF | ) 18-31756 |
| ATLANTA, LLC, and | ) |
| ALLIANCE LTS WINCHESTER, LLC | ) 18-31757 |
| d/b/a *Clarus Linen Systems*[1], | ) |
| | ) Chapter 11 Cases |
| Debtors. | ) Jointly Administered |

**ORDER PURSUANT TO SECTIONS 363 AND 105 OF THE BANKRUPTCY CODE: (A)(1) SETTING DEADLINE AND APPROVING REQUIREMENTS AND PROCEDURES FOR INTERESTED PARTIES TO SUBMIT COMPETING BIDS FOR SUBSTANTIALLY ALL ASSETS OF DEBTORS CENTERSTONE LINEN SERVICES, LLC d/b/a CLARUS LINEN SYSTEMS AND ATLAS HEALTH CARE LINEN SERVICES CO., LLC, d/b/a CLARUS LINEN SYSTEMS; (2) APPROVING**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594) ("Centerstone"); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681) ("Atlas"); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284) ("Alliance"); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065) ("Atlanta"); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892) ("Winchester").

3305725.2

**FORM OF PURCHASE AGREEMENT; (3) SCHEDULING AN AUCTION; (4) SETTING HEARING DATE TO APPROVE SALE OF ASSETS TO SUCCESSFUL BIDDER; AND (5) APPROVING PROCEDURES WITH RESPECT TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (B) APPROVING FORM AND MANNER OF NOTICE**

Upon consideration of the motion (the "Motion")[2] filed by debtors Centerstone Linen Services, LLC d/b/a Clarus Linen Systems ("Centerstone") and Atlas Health Care Linen Services Co., LLC, d/b/a Clarus Linen Systems ("Atlas"), debtors and debtors in possession (collectively, the "Debtors") in the captioned cases, for entry of an order pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 6004: (A)(i) authorizing the sale of substantially all of the Debtors' assets (the "Purchased Assets"), free and clear of all liens, claims, interests and encumbrances, subject to the terms of the Asset Purchase Agreement and subject to higher and/or better offers; (ii) authorizing and approving the Asset Purchase Agreement with to Linen Newco LLC ("Purchaser"); and (iii) authorizing the Debtors to consummate all transactions related to the proposed sale; (B) approving bidding procedures and other related relief; and (C) authorizing the Debtors to assume certain executory contracts and unexpired leases and assign such contracts and leases to Purchaser pursuant to 11 U.S.C. §§ 365(a), (b) and (c) and Bankruptcy Rule 6006(e)(1) (the "Assigned Contracts"); and upon review and consideration of (i) the Motion, (ii) the objections, if any, filed with respect thereto, (iii) arguments of counsel and evidence proffered or adduced at the hearing on the Motion held on March 18, 2019 (the "Bid Procedures Hearing"), and (iv) the docket and proceedings in the above-captioned cases (the "Chapter 11 Cases"); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and good and sufficient cause appearing therefor, it is hereby:

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion, Purchase Agreement and/or the Bidding Procedures, as applicable.

3305725.2

**FOUND AND DETERMINED THAT:**[3]

A. This Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

C. The Debtors have articulated good and sufficient business reasons for this Court to approve the bidding procedures attached hereto as **Schedule 1** (the "Bidding Procedures") and the establishment of procedures to fix the cure amounts to be paid under section 365 of the Bankruptcy Code in connection with the assumption, assignment and/or transfer of the Assigned Contracts to the Successful Bidder.

D. The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Purchased Assets.

E. The Notice of the Auction and Sale Hearing attached hereto as **Schedule 2** and the Notice of Assumption and Assignment attached hereto as **Schedule 3** provide all interested parties with timely and proper notice of the Auction, the sale of the Purchased Assets, the Bidding Procedures and the procedures governing the Debtors' assumption and assignment of the Assigned Contracts to the Successful Bidder.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable. *See* Bankruptcy Rule 7052.

3305725.2

F. The entry of this Order (the "Bidding Procedures Order") is in the best interests of the Debtors, their estates, creditors and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. All objections to the Motion relating to the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits.

3. The form of Asset Purchase Agreement attached hereto as **Exhibit A** (the "Purchase Agreement") is hereby approved. The Purchaser is hereby designated as the stalking-horse bidder for the Purchased Assets, the Purchase Agreement is hereby deemed a Qualified Bid for the Purchased Assets and the Purchaser is hereby deemed a Qualified Bidder for the Purchased Assets.

4. HSBC Bank USA, National Association ("HSBC Bank") is also hereby deemed a Qualified Bidder for the Purchased Assets.

5. The Bidding Procedures, in substantially the form attached hereto as **Schedule 1**, are hereby incorporated herein and approved, and shall apply with respect to the sale of the Purchased Assets. The Debtors are authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

6. As further described in the Bidding Procedures, the deadline for submitting bids for the Purchased Assets (the "Bid Deadline") is **April 11, 2019 at 4:00 p.m. (prevailing Eastern Time)**. No bid shall be deemed to be a Qualified Bid (as defined in the Bidding Procedures) or otherwise considered for any purposes unless such bid meets the requirements set forth in the Bidding Procedures, or those requirements which may be modified by the Debtors

upon consultation with HSBC Bank and the Committee, except for HSBC Bank which is automatically deemed a Qualified Bidder.

7. The Debtors may sell the Purchased Assets by conducting an Auction in accordance with the Bidding Procedures. If more than one Qualified Bid is timely received by the Debtors in accordance with the Bidding Procedures, the Auction shall take place on **April 15, 2019 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York, or such other place and time as the Debtors shall notify all Qualified Bidders and other invitees.

8. Each Qualified Bidder participating at the Auction shall participate in person and will be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

9. The Sale Hearing shall be held before this Court on **April 17, 2019 at 1:00 p.m. (prevailing Eastern Time)**, or as soon thereafter as counsel and interested parties may be heard.

10. The Notice of Auction and Sale, in substantially the form attached hereto as **Schedule 2**, is hereby approved. On or before **5:00 p.m. (prevailing Eastern Time) on March 20, 2019**, the Debtors will cause (a) a copy of the Notice of Auction and Sale Hearing and (b) a copy of the Bidding Procedures Order to be sent by first-class mail postage prepaid, to the following: (i) counsel for the Purchaser; (ii) the Office of the United States Trustee for the Northern District of New York; (iii) counsel for HSBC Bank; (iv) counsel for the Committee (v) all parties to the Assigned Contracts; (vi) all required governmental agencies; (vii) all persons known or reasonably believed to have asserted any lien, claim encumbrance, right of first refusal or other interest in or upon any of the Purchased Assets, (viii) all parties who have expressed an interest in the Purchased Assets during the past ten months the Purchased Assets have been

marketed; and (ix) all entities known by the Debtors to have filed a notice of appearance or a request for receipt of chapter 11 notices and pleadings filed in the Chapter 11 Cases (the "<u>Notice Parties</u>").

11. On or before **5:00 p.m. (prevailing Eastern Time) on March 20, 2019**, the Debtors will cause a copy of the Notice of Auction and Sale to be served upon all known creditors of the Debtors in the Chapter 11 Cases.

12. The Notice of Assignment and Assumption, in substantially the form attached hereto as **Schedule 3**, is hereby approved. On or before **5:00 p.m. (prevailing Eastern Time) on March 20, 2019**, the Debtors shall serve by first class mail, the Notice of Assumption and Assignment on all non-debtor parties to the Assigned Contracts. The Notice of Assumption and Assignment shall identify the cure amounts that the Debtors believe must be paid to cure all prepetition defaults under the Assigned Contracts (the "<u>Cure Amounts</u>"). In addition, if the Debtors identify additional executory contracts or unexpired leases that might be assumed by the Debtors and assigned to the Successful Bidder not set forth in the original Notice of Assumption and Assignment, the Debtors shall promptly send a supplemental notice (a "<u>Supplemental Notice of Assumption and Assignment</u>") to the applicable counterparties to such additional executory contracts and unexpired leases.

13. Unless the non-debtor party to an Assigned Contract identified in the Notice of Assumption and Assignment or any Supplemental Notice of Assumption and Assignment files an objection (the "<u>Cure Amount/Assignment Objection</u>") to (a) its scheduled Cure Amount and/or (b) to the proposed assumption, assignment and/or transfer of such Assigned Contract by the later of (i) **4:00 p.m. (prevailing Eastern Time) on April 3, 2019** or (ii) five (5) days after service of the relevant Supplemental Notice of Assumption and Assignment (such later date, the

"Cure/Assignment Objection Deadline") and serves a copy of the Cure Amount/Assignment Objection so as to be received on the same day by (i) counsel for the Debtors; (ii) the Office of the United States Trustee for the Northern District of New York; (iii) counsel for HSBC Bank; (iv) counsel for the Purchaser; and (v) counsel for the Committee, then such non-debtor party (a) will be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts due with respect to such Assigned Contract and the Debtors shall be entitled to rely solely upon the Cure Amount, and (b) if the Assigned Contract is identified by the Successful Bidder or Backup Bidder as an Asset to be purchased and/or assigned, will be deemed to have consented to the assumption, assignment and/or transfer of such Assigned Contract and will be forever barred and estopped from asserting or claiming against the Debtors, the Successful Bidder or the Backup Bidder, or any other assignee of the relevant executory contract or unexpired lease that any additional amounts are due or defaults exist, or prohibitions or conditions to assumption, assignment and/or transfer exist or must be satisfied, under such Assigned Contract. Notwithstanding the foregoing, as provided below, each non-debtor party shall retain the right to object to the assumption, assignment or transfer of its Assigned Contract, based solely on the issue of whether the Successful Bidder or Backup Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

14.  If a Cure Amount/Assignment Objection challenges a Cure Amount, the objection must set forth the cure amount being claimed by the objecting party (the "Claimed Cure Amount") with appropriate documentation in support thereof. Upon receipt of a Cure Amount/Assignment Objection, the Debtors are authorized, but not directed, to resolve any Cure Amount/Assignment Objection by mutual agreement with the objecting counterparty to any Assigned Contract without further order of the Court. The Debtors are also hereby authorized to

file a response to any Cure Amount/Assignment Objection by **4:00 p.m. (prevailing Eastern Time) on April 10, 2019**. In the event that the Debtors and any objecting party are unable to consensually resolve any Cure Amount/Assignment Objection, the Court will resolve any such Cure Amount/Assignment Objection at a hearing to be held at **1:00 p.m. (prevailing Eastern Time) on April 17, 2019** or on such later date as the Court may determine.

15. The Successful Bidder or the Backup Bidder, as the case may be, may determine to exclude any executory contract or unexpired lease from the list of Purchased Assets to be assumed and sold or assigned at any time prior to the closing of the sale of the Purchased Assets. The non-debtor party or parties to any such excluded contract or lease will be notified of such exclusion by written notice mailed within five (5) business days following the closing of the sale of the Purchased Assets.

16. To the extent that a Cure Amount/Assignment Objection remains unresolved as of the Bid Deadline, and the Bankruptcy Court subsequently determines that the Cure Amount for the subject Assigned Contract is greater than that set forth in the Cure Amounts identified in the Notice of Assumption and Assignment, the Successful Bidder may elect to reclassify such Assigned Contract as an Excluded Contract at any time prior to the earlier to occur of the closing of the sale of Purchased Assets or the day that is five (5) business days following such determination by the Bankruptcy Court.

17. Immediately following the conclusion of the Auction for the Purchased Assets, the Debtors shall serve a notice identifying the Successful Bidder and Backup Bidder to the non-debtor parties to the Assigned Contracts that have been identified as Purchased Assets to be sold or assigned in connection with such Successful Bid and Backup Bid. The non-debtor parties to the Assigned Contracts will have until **9:00 a.m. (prevailing Eastern Time) on April 17, 2019**

(the "Adequate Assurance Objection Deadline") to file a written objection to the assumption, assignment or transfer of such Assigned Contract solely on the issue of whether the Successful Bidder and/or Backup Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code. Any such objections shall be heard at the Sale Hearing.

18. No later than **9:00 a.m. (prevailing Eastern Time) on April 17, 2019**, the Debtors shall file with the Court a Report setting forth a summary of the Auction Sale, if held, the marketing efforts undertaken by the Debtors with respect to the Purchased Assets. The sale proceeds shall be distributed in accordance with paragraph 24(b) of the Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing on a Super-Priority, Senior Secured Basis and (B) Use Cash Collateral, (II) Granting (A) Liens and Super-Priority Claims and (B) Adequate Protection to Certain Prepetition Lenders, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief [Docket No. 234] (the "Final DIP Order").

19. Any objections to the sale of the Purchased Assets, or to the balance of the relief requested in the Motion and not granted in this Bidding Procedures Order, must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the Clerk of the Bankruptcy Court for the Northern District of New York, on or before **12:00 p.m. (prevailing Eastern Time) on April 16, 2019**; and (d) be served so as to be received on the same day, upon (i) counsel for the Debtors; (ii) counsel for the Purchaser; (iii) the Office of the United States Trustee for the Northern District of New York; (iv) counsel for HSBC Bank; and (v) counsel for the Committee. All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing. All objections to the sale of the Purchased Assets previously filed with this Court, and not resolved in this Order, are preserved until the Sale Hearing.

20. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

21. Except as otherwise provided in this Bidding Procedures Order, the Debtors reserve the right as they may reasonably determine to be in the best interests of their estates, in consultation with HSBC Bank and the Committee, subject to conformity with the Bidding Procedures to: (a) determine which bidders are Qualified Bidders; (b) determine which bids are Qualified Bids; (c) determine which Qualified Bid is the highest or best proposal and which is the next highest or best proposal; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtors and their estates; (e) remove some of the Purchased Assets from the Auction; (f) waive terms and conditions set forth herein with respect to all potential bidders; (g) impose additional terms and conditions with respect to all potential bidders; (h) extend the deadlines set forth herein; (i) adjourn or cancel the Auction or Sale Hearing in open court without further notice; and (j) modify the Bidding Procedures as the Debtors, in consultation with HSBC Bank and the Committee, may determine to be in the best interest of their estates or to withdraw the Motion at any time with or without prejudice; provided, that any exercise by the Debtors of their rights hereunder shall not alter or modify the terms of the Purchase Agreement, including its stated conditions for the Purchaser to close.

22. The Debtors are hereby authorized to take such steps and incur and pay such expenditures as may be necessary or appropriate to effectuate the terms of this Bidding Procedures Order, subject to and in accordance with the terms of the Final DIP Order.

23. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Bidding Procedures Order shall be effective immediately upon its entry.

24. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

###

3305725.2