UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:

    CENTERSTONE LINEN SERVICES, LLC,
    d/b/a "Clarus Linen Services", et. al,

                Debtors

Case No. 18-31754-5-mcr
Main Case
Chapter 11 Cases
Jointly Administered

In Re:

    ATLAS HEALTH CARE LINEN
     SERVICES, CO., LLC,
    d/b/a "Clarus Linen Systems",

                Debtor

Case No. 18-31753-5-mcr
Chapter 11
Jointly Administered

**OBJECTION TO ASSUMPTION AND ASSIGNMENT OF CONTRACTS
FILED BY CATHOLIC HEALTH SYSTEM, INC., MERCY HOSPITAL OF BUFFALO,
SISTERS OF CHARITY HOSPITAL OF BUFFALO, NEW YORK, KENMORE
MERCY HOSPITAL, AND MOUNT ST. MARY'S HOSPITAL OF NIAGARA FALLS**

      Catholic Health System, Inc., Mercy Hospital of Buffalo, Sisters of Charity Hospital of Buffalo, New York, Kenmore Mercy Hospital, and Mount St. Mary's Hospital of Niagara Falls by their attorneys, Melvin & Melvin, PLLC, as and for their objection to Debtors' proposed assumption and assignment of contracts, do hereby allege and show as follows:

      1.    Catholic Health System, Inc., Mercy Hospital of Buffalo, Buffalo Hospital of the Sisters of Charity, Kenmore Mercy Hospital, and Mount St. Mary's Hospital of Niagara Falls do each hereby object to the proposed assumption by Debtors Centerstone Linen Services, LLC ("Centerstone") and Atlas Health Care Linen Services Co., LLC d/b/a "Clarus Linen Systems" ("Clarus"), and the assignment thereafter to Linen Newco LLC ("Newco"), of those certain

1

alleged contracts set forth in the "Notice of Assumption and Assignment" issued by Debtors dated as of March 20, 2019 and filed on March 21, 2019 ("Notice"), pursuant to which said objecting entities were designated as counter-parties, and as further described in: (a) that certain "Asset Purchase Agreement" dated March 13, 2019 between by Centerstone and Clarus as sellers and Newco as buyer ("APA"), and (b) the "bidding procedures order" issued by this Court dated March 20, 2019 ("Order").

2. Mercy Hospital of Buffalo ("Mercy") is a New York not-for-profit corporation (see Exhibit A annexed hereto) which owns and operates a hospital in Buffalo, New York. Mercy also owns and operates a skilled nursing facility in Lackawanna known as "Mercy Skilled Nursing Facility at Our Lady of Victory".

3. Sisters of Charity Hospital of Buffalo, New York ("Sisters") is a New York not-for-profit corporation (see Exhibit A annexed hereto) which owns and operates a hospital in Buffalo, New York. Sisters also owns and operates a hospital facility in Cheektowaga, New York, known as the "St. Joseph Campus of Sisters of Charity Hospital" and a skilled nursing in Buffalo known as "St. Catherine Laboure Health Care Center.

4. Kenmore Mercy Hospital ("Kenmore") is a New York not-for-profit corporation (see Exhibit A annexed hereto) which owns and operates a hospital in Buffalo, New York. Kenmore also owns and operates a skilled nursing facility known as the "McAuley Residence", formerly, "McAuley Seton Home Care" in Kenmore, New York.

5. Mount St. Mary's Hospital of Niagara Falls ("MSM") is a New York not-for-profit corporation (see Exhibit A annexed hereto) which owns and operates a hospital in Lewiston, New York.

6. Catholic Health System, Inc. ("CHS") is a New York not-for-profit corporation (see Exhibit A annexed hereto) whose principal offices are located in Buffalo, New York. CHS does not own or operate any hospital in its own name but it is the sole member of Mercy, Sisters, Kenmore and MSM. The members of CHS are the Buffalo Diocese of the Catholic Church and Trinity Health.

7. On August 13, 2010, Altus Management LLC ("Altus", but for unknown reasons then-still using its former name "WNYPA"), executed its "Linen Services Agreement" ("Altus Contract") with Sodexo Laundry Services, Inc. ("Sodexo") for Sodexo's provision of institutional laundry services to the members of WNYPA as set forth therein. A copy of the Altus Contract is annexed hereto as Exhibit B.

8. On April 11, 2013, Sodexo assigned its interest in the Altus Contract to Clarus. A copy of the Sodexco assignment agreement is annexed hereto as Exhibit C.

9. CHS did not execute the Altus Contract. However, as shown in Exhibit "1" to the Altus Contract, CHS did execute a "Participating Hospital Agreement" ("CHS Participation Agreement").

10. Neither Kenmore, Mercy, nor Sisters signed either the Altus Contract itself nor the CHS Participation Agreement.

11. Accordingly, since each of Kenmore, Mercy, and Sisters are separate corporations, then neither Kenmore, Mercy, nor Sisters have any contract or contractual privity with Centerstone or Clarus.

12. Kenmore, Mercy, and Sisters are all designated as counter-parties in Exhibit A of the Notice. However, pursuant to the foregoing there is no document executed by either Kenmore, Mercy, or Sisters in which it agreed to become a customer of Clarus.

3

13. Therefore, notwithstanding the provisions of the APA, or the Order, or the Notice, there is no executory obligation of Kenmore, Mercy, or Sisters which could be assumed by Clarus and/or assigned to Newco.

14. Moreover, even if there were a contractual relationship between Clarus and any of Kenmore, Mercy, or Sisters, which is specifically denied, such relationship could arise only pursuant to the CHS Participation Agreement. However, neither CHS nor the CHS Participation Agreement are mentioned in the Notice. Without the assumption and assignment of the CHS Participation Agreement it is not possible for any alleged executory obligation of Kenmore, Mercy, or Sisters to be assumed by Clarus and/or assigned to Newco.

15. It is furthermore the position of CHS, Kenmore, Mercy, Sisters and MSM that Newco is not able to furnish or provide to them adequate assurance of future performance under the Altus Contract or under the "Linen Services Agreement" ("MSM Contract") between MSM and Clarus dated June 25, 2013, as is required pursuant to 11 USC Section 365(b)(1)(C).

16. It remains the position of CHS, Kenmore, Mercy, Sisters and MSM that the laundry and delivery services provided by Clarus since January 1, 2019, and for a long time before that, have been defective, substandard, and inadequate in the extreme. CHS, Kenmore, Mercy, Sisters and MSM do not yet see any indication of permanent or long-term improvement in the services provided by Clarus. CHS, Kenmore, Mercy, Sisters and MSM have no confidence in the management of Clarus and upon information and belief the senior management and/or equity security holders of Newco are the same as those of these Debtors, or at least insiders thereof.

17. Moreover, Centerstone and Clarus acknowledged and admitted through counsel in open Court that Clarus and Newco cannot succeed financially and/or provide the laundry and linen services required of them without substantial modification and amendment of the Altus Contract.

18. On or about March 25, 2019, representatives of CHS, Kenmore, Mercy, Sisters and MSM did meet with representatives of Newco to discuss the Altus Contract. However, Newco did not then nor thereafter present or propose any specific modifications or new provisions to the Altus Contract, except to discuss in general terms the amount of money Newco wanted to recoup for lost linen.

19. It is the position of CHS, Kenmore, Mercy, Sisters and MSM that the process of assumption and assignment over the objection of the counter-party does not include any modification of the subject executory contract. Moreover, it is not the obligation of the counter-party to modify the contract to make it profitable for the parties assuming and/or receiving the assignment of the contract.

20. It is furthermore the position of CHS, Kenmore, Mercy, Sisters and MSM under the present circumstances that modification or renegotiation of the Altus Contract would not be constructive because neither Clarus nor Newco can provide assurance or instill confidence that they could provide the required services anyway. Accordingly, CHS, Kenmore, Mercy, Sisters and MSM have no desire or intention to negotiate any modifications to the Altus Contract.

21. CHS, Kenmore, Mercy, Sisters and MSM hereby reaffirm, reiterate and renew their pending motions seeking the rejection of the Altus Contract, the CHS Participation Agreement, and the MSM Contract. Without limitation of the foregoing, CHS, Kenmore, Mercy, Sisters and MSM hereby incorporate by reference the motion of CHS, Kenmore, Mercy, and

Sisters dated February 11, 2019, the motion of MSM dated February 11, 2019, the affidavit of Arthur Martorana, Esq. dated February 12, 2019, the Supplemental Affidavit of Brian Hackford dated March 13, 2019, and the Supplemental Affidavit of Louis Levine, Esq. dated March 13, 2019.

WHEREFORE, Catholic Health System, Inc., Mercy Hospital of Buffalo, Sisters of Charity Hospital of Buffalo, New York, Kenmore Mercy Hospital and Mount St. Mary's Hospital of Niagara Falls request an Order: (a) sustaining their objection to Debtors' assumption and assignment to Newco of those certain alleged contracts set forth in the Notice as to which said objecting entities were designated as counter-parties, and (b) requiring Clarus to reject the Altus Contract and the CHS Participation Agreement and the MSM Contract immediately, and (c) granting to Catholic Health System, Inc., Mercy Hospital of Buffalo, Buffalo Hospital of the Sisters of Charity, Kenmore Mercy Hospital, and Mount St. Mary's Hospital of Niagara Falls such other and further relief which as to the Court may seem just and proper.

Date: April 3, 2019

Respectfully,

_____
MELVIN & MELVIN, PLLC
BY: LOUIS LEVINE, ESQ.
Attorneys for Catholic Health System, Inc.,
Mercy Hospital of Buffalo,
Buffalo Hospital of the Sisters of Charity,
Kenmore Mercy Hospital, and
Mount St. Mary's Hospital of Niagara Falls
Office and P.O. Address
217 South Salina Street, Suite 700
Syracuse, New York 13202
Tel: (315) 422-1311