**SO ORDERED.**

Dated: April 9, 2019
Syracuse, New York

Margaret Cangilos-Ruiz
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
In re:                                                        :  Chapter 11
                                                              :
CENTERSTONE LINEN SERVICES, LLC                               :  Case No. 18-31754-MCR (Main Case)
d/b/a Clarus Linen Systems, *et al.*[1]                       :  Jointly Administered
                                                              :
                    Debtors.                                  :
------------------------------------------------------------- X

### STIPULATION AND ORDER EXTENDING CHALLENGE PERIOD WITH RESPECT TO CERTAIN CLAIMS AND CORRECTING A TYPOGRAPHICAL ERROR

This *Stipulation and Order Extending Challenge Period with Respect to Certain Claims and Correcting Typographical Error* (the "**Stipulation**") is made as of April 9, 2019 by and among (i) the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") appointed in the captioned cases (the "**Chapter 11 Cases**"); (ii) the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"); and (iii) HSBC Bank USA, National

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594) ("**Centerstone**"); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681) ("**Atlas**"); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284) ("**Alliance**"); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892).

Association ("HSBC Bank"), including as Prepetition Agent[2] (HSBC Bank, together with the Debtors and Creditors' Committee, are the "**Parties**").

WHEREAS, on December 19, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"). No trustee or examiner has been appointed in the Chapter 11 Cases.

WHEREAS, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, debtors Centerstone and Atlas continue to operate their businesses and manage their properties as debtors-in-possession. Debtor Alliance ceased business operations on February 21, 2019.

WHEREAS, on January 10, 2019, the Office of the United States Trustee appointed the Creditors' Committee pursuant to sections 1102(a) and (b) of the Bankruptcy Code. [Docket No. 107].

WHEREAS, on February 14, 2019, the Court entered the *Final Order (I) Authorizing The Debtors To (A) Obtain Postpetition Financing On A Super-Priority, Senior Secured Basis And (B) Use Cash Collateral, (II) Granting (A) Liens And Super-Priority Claims And (B) Adequate Protection To Certain Prepetition Lenders, (III) Modifying The Automatic Stay, (IV) Scheduling A Final Hearing, And (V) Granting Related Relief* (the "**Final DIP Order**") [Docket No. 234].

WHEREAS, paragraph 38 of the Final DIP Order provides that the Creditors' Committee must commence, as appropriate, a Challenge on or before April 10, 2019 (the "**Challenge Period**"), subject to the Creditors' Committee's right to seek a further extension and the DIP Agent's right to oppose the same.

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Final DIP Order (defined below).

WHEREAS, the Parties have consented to an extension of the Challenge Period on the terms and conditions as set forth herein.

NOW, THEREFORE, it is stipulated and agreed by and between the Parties as follows, which upon approval of the Court shall be so ordered:

1. In exchange for HSBC Bank's consent to extend the Challenge Period through and including May 15, 2019 as to its Prepetition Liens (as defined in the Final DIP Order) on the No Control Cash, CLS Trademarks, Escrow Accounts, and Specific Challenged Collateral (each as defined below) (collectively, the "**Disputed Collateral**"), the Committee will allow the Challenge Period to expire on April 10, 2019 as to claims unrelated to the Disputed Collateral without asserting any such claim or seeking an extension to assert any such claims.

2. The Challenge Period solely as to claims concerning the Disputed Collateral is hereby extended through and including May 15, 2019.

3. The Disputed Collateral is:
    a. prepetition cash deposits and prepayments i) not held by the Debtors, Debtors' professionals, or HSBC Bank or in any account in Debtors' name at HSBC Bank, and ii) not subject to any deposit account control agreement, account assignment and pledge agreement, or other similar document in favor of HSBC Bank (collectively, the "**No Control Cash**");
    b. Trademarks, including those held by Centerstone Linen Services, LLC ("**CLS Trademarks**");
    c. Debtors' escrow accounts ("**Escrow Accounts**"); and
    d. The following specifically identified property, to the extent the following is also No Control Cash ("**Specific Challenged Collateral**"):

    i. <u>Centerstone Linen Services, LLC</u>
1. Workers Comp Deposit of approximately $170,000 **held by Great American**, and
2. Prepayment of approximately $135,000 **held by ACN (landlord)**;

    ii. <u>Atlas Health Care Linen Services Co., LLC</u>
1. Security Deposits of approximately $38,000 **held by Utilities**, and
2. Prepayments for Taxes of approximately $18,000 **held by taxing authority and/or landlord**;

    iii. <u>Alliance Laundry & Textile Service, LLC</u>
1. Lease Security Deposit of approximately $40,000 **held by landlord**, and
2. Prepayment for Sales Tax of approximately $5,000 **held by Georgia Dept. of Revenue**;

    iv. <u>Alliance Laundry and Textile Service of Atlanta, LLC</u>
1. Electric Security Deposit of approximately $16,500 **held by Teems**, and
2. Security Deposit of approximately $26,300 **held by Georgia Power**.

4. The Court shall retain jurisdiction with respect to all matters arising under or related to this Stipulation, including, without limitation, any disputes that may arise between or among the parties to the Stipulation, and to interpret, implement, and enforce the provisions of this Stipulation.

5. Paragraph 8(b) of the Final DIP Order is amended to delete the term "6(a)" and replace it with "8(a)".

| | |
|---|---|
| **PHILLIPS LYTLE LLP** | **CKR LAW LLP** |
| *[signature]* | *[signature]* |
| Angela Z. Miller, Esq. | David M. Banker, Esq. |
| One Canalside | Gilbert R. Saydah Jr., Esq. |
| 125 Main Street | 1330 Avenue of the Americas, 14th Floor |
| Buffalo, New York  14203 | New York, New York 10019 |
| Telephone:  (716) 847-8400 | Telephone:  (212) 259-7300 |
| Facsimile:  (716) 852-6100 | Facsimile:   (212) 259-8200 |
| Email:  amiller@phillipslytle.com | Email: dbanker@ckrlaw.com |
| | gsaydah@ckrlaw.com |
| *Counsel to HSBC Bank USA,* | *Counsel to the Official* |
| *National Association* | *Committee of Unsecured Creditors* |

**BOND, SCHOENECK & KING, PLLC**

*[signature]*

Camille W. Hill, Esq.
One Lincoln Center
Syracuse, New York  13202
Telephone:  (315) 218-8627
Facsimile:  (315) 218-8927
Email: chill@bsk.com

*Counsel to the Debtors*

Doc #01-3663461.2