Hearing Date and Time: September 19, 2019 at 11:30 a.m. (Eastern Time)
Objection Date and Time: September 12, 2019 at 4:00 p.m. (Eastern Time)

Alexander J. Gancayco, Esq. (New York Bar License No. 5510336)
National Labor Relations Board, Region 3
The Niagara Center Building
130 South Elmwood Avenue, Suite 630
Buffalo, New York 14202-2465
Phone: (716) 551-3609
E-mail: Alexander.Gancayco@nlrb.gov

*Attorney for Creditor National Labor Relations Board*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CENTERSTONE LINEN SERVICES, LLC,<br>ATLAS HEALTH CARE LINEN SERVICES CO.,<br>LLC, ALLIANCE LAUNDRY & TEXTILE<br>SERVICE LLC, ALLIANCE LAUNDRY AND<br>TEXTILE SERVICE OF ATLANTA, LLC, and<br>ALLIANCE LTS WINCHESTER, LLC<br>*d/b/a Clarus Linen Systems*[1],<br><br>                                    Debtors. | Case Nos.<br>18-31754 (main case)<br>18-31753<br>18-31755<br>18-31756<br><br>18-31757<br><br><br>Chapter 11 Cases<br>Jointly Administered |

**MOTION OF NATIONAL LABOR RELATIONS BOARD FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE
PURSUANT TO 11 U.S.C. § 503(b)(1)(A)(ii)**

The National Labor Relations Board (the Board), through its counsel, submits this Motion for

Allowance and Payment of Administrative Expense (the Motion) pursuant to Section 503(b)(1)(A)(ii)

of the Bankruptcy Code, 11 U.S.C. § 503(b)(1)(A)(ii), for the payment of post-petition wages and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892).

other benefits covered under a proceeding of the National Labor Relations Board. In support of this motion, the Board respectfully states as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to federal law as set forth in 28 U.S.C. §§ 1408 and 1409.

3. The Board is the exclusive public agent chosen by Congress to enforce the National Labor Relations Act (the NLRA), 29 U.S.C. §§ 151-169, and is "a [bankruptcy] creditor as respects the back pay awards" it issues. *Nathanson v. NLRB*, 344 U.S. 25, 27 (1952). To wit, the Board is the forum with exclusive authority to evaluate the Debtor's potential unfair labor practice liability and to determine the appropriate amount of backpay. *Id.*

4. Paul J. Murphy is the Regional Director of Region 3 of the Board and the statutory agent of the claimant authorized under the NLRA to make this motion. Section 8 of the NLRA, 29 U.S.C. § 158, makes certain employer and union conduct illegal as unfair labor practices. Pursuant to Section 10(a) of the NLRA, 29 U.S.C. § 160(a), the Board is empowered to prevent and remedy unfair labor practices, which are prosecuted by the Board's General Counsel and those under their supervision. Regional Director Murphy is thereby authorized by the Board to submit this request for allowance and payment of administrative expenses on its behalf for backpay, wages and benefits the Debtor Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (the Debtor) owes to its employees under the NLRA based upon the facts described below.[2]

5. The debt in unfair labor practice Case 03-CA-233391 is evidenced by the Board's Complaint and Notice of Hearing that issued on May 14, 2019, alleging that the Debtor committed unfair labor practices within the meaning of Section 8(a)(1) and (5) of the NLRA, 29 U.S.C. §§ 158(a)(1) and (5), by, *inter alia*, failing to engage in effects bargaining with the Laundry, Distribution, and Food Service Joint Board over a series of layoffs it conducted on or about October

---

[2] Debtor's tax identification number is 2681.

19, 2018, December 14, 2018, and January 25, 2019, and the closure of a facility located at 3 East Industrial Parkway, Troy, New York on about January 25, 2019. The Complaint and Notice of Hearing discussing these allegations is attached as Exhibit 1. Among other things, the Board's Complaint and Notice of Hearing requires that the Debtor make the affected employees whole by way of a backpay payment as set forth under the Board's decision in *Transmarine Navigation Corp.*, 170 NLRB 389 (1968).

6. On June 13, 2019, the Board filed a proof of claim with this Court seeking funds to satisfy Debtor's pre-petition liability, the amount of which is set forth in the proof of claim.

7. Backpay liability arising after the filing of the Debtor's bankruptcy petition is an administrative expense. Under § 503(b)(1)(A)(ii) of the Bankruptcy Code, "wages and benefits awarded pursuant to … a proceeding of the National Labor Relations Board as back pay attributable to any period of time occurring after commencement of the case under this title" is an administrative expense, regardless of "the time of the occurrence of unlawful conduct on which such award is based" or "whether any services were rendered." This Code section encompasses the remedy sought by the Board in this request because the administrative post-petition backpay requested herein is attributable to the period beginning on December 19, 2018, the filing date of the Debtor's petition. The Board is not seeking payment of the entire backpay remedy as an administrative expense as portions of the backpay are sought in its proof of claim.

8. Consistent with the Supreme Court's holding in *Nathanson* that "it is the Board ... that has been entrusted by Congress with authority to determine what measures will remedy ... unfair labor practices," computation of the backpay remedy rests properly with the Board. 344 U.S. at 30. Indeed, the *Nathanson* Court held that "wise administration therefore demands that

the bankruptcy court accommodate itself to the administrative process and refer to the Board the liquidation of the [backpay] claim." *Id*.

9.  The Board's request for payment of administrative expenses herein is based on the Complaint and Notice of Hearing, dated May 14, 2019, which requires the Debtor to pay the laid-off employees a sum of money as set forth under the Board's decision in *Transmarine Navigation*, supra. This motion for administrative expenses covers the period of time after December 19, 2018. The Debtor's post-petition liability is currently estimated at $15,669.60. The Board's calculation of this figure is attached hereto as Exhibit 2, including a listing of the affected employees laid off during the post-petition period.

10. The Board estimates that a total of 10 employees are owed backpay as a result of the Debtor's post-petition conduct as alleged in the Board's Complaint. The post-petition losses are the result of the Debtor's failure to engage in effects bargaining over its decisions to conduct a post-petition layoff and to close the facility on or about January 25, 2019. The amounts set forth in Exhibit 2 were calculated by the Board based on records provided by the Debtor.

11. Attached as Exhibit 3 is a Declaration in Support of Motion of National Labor Relations Board for Allowance and Payment of Administrative Expense Pursuant to 11 U.S.C. § 503(b)(1)(A)(ii), signed by Regional Director Paul J. Murphy of the Board. As previously set forth above, Regional Director Murphy is the designated agent of the Board authorized to file this claim before the court.

**WHEREFORE**, the Board respectfully submits this Motion for Allowance and Payment of Administrative Expense and requests that, after notice and hearing, the Court issue an order granting the Motion allowing the National Labor Relations Board an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A)(ii) in the amount of $15,669.60.

Dated: June 14, 2019.

                Respectfully submitted,

                */s/ Alexander J. Gancayco*
                _____

                Alexander J. Gancayco, Esq.
                Attorney
                National Labor Relations Board, Region 3
                The Niagara Center Building
                130 South Elmwood Avenue, Suite 630
                Buffalo, New York 14202-2465
                Phone: (716) 551-3609
                E-mail: Alexander.Gancayco@nlrb.gov