**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CENTERSTONE LINEN SERVICES, LLC,<br>ATLAS HEALTH CARE LINEN SERVICES CO., LLC,<br>ALLIANCE LAUNDRY & TEXTILE SERVICE, LLC,<br>ALLIANCE LAUNDRY AND TEXTILE SERVICE OF ATLANTA, LLC, and<br>ALLIANCE LTS WINCHESTER, LLC<br>*d/b/a Clarus Linen Systems*[1],<br><br>                                                        Debtors. | Case Nos.<br>18-31754 (main case)<br>18-31753<br>18-31755<br>18-31756<br><br>18-31757<br><br>Chapter 11 Cases<br>Jointly Administered |

**APPLICATION FOR ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF MONTGOMERY MCCRACKEN WALKER & RHOADS LLP
AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF CENTERSTONE LINEN SERVICES, LLC, ET AL.,
D/B/A CLARUS LINEN SYSTEMS, *NUNC PRO TUNC* TO JUNE 4, 2019**

The Official Committee of Unsecured Creditors (the "Committee") of Centerstone Linen Services, LLC d/b/a Clarus Linen Systems, Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems, Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems, Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems, and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (collectively, the "Debtors") in the above-captioned chapter 11 cases (collectively, the "Chapter 11 Cases"), respectfully submits this application (the "Application") for the entry of an order authorizing the retention of the law firm of Montgomery McCracken Walker & Rhoads LLP ("MMWR") as counsel to the Committee *nunc pro tunc* to June 4, 2019, pursuant to Sections 328(a) and 1103(a) of Title 11 of the United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892).

States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of New York (the "Local Rules"). In support of the Application, the Committee submits: (i) the declaration of David M. Banker, Esq., annexed hereto as Exhibit A (the "Banker Declaration"); and (ii) the declaration of Michael S. Mandell, annexed hereto as Exhibit B (the "Mandell Declaration"); and respectfully represents as follows:

## JURISDICTION

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief sought herein are sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules").

## BACKGROUND

3.  On December 19, 2018, each of the Debtors filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of New York (the "Court"). Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

4.  On January 10, 2019, the Office of the United States Trustee for the Northern District of New York (the "U.S. Trustee") formed the Committee in these Chapter 11 Cases [Docket Entry #107], appointing the following parties as members of the Committee:

(i) Ryder Truck Rental d/b/a Ryder Transportation; (ii) Superior Group of Companies, Inc.; and (iii) Tyler Staffing Services, Inc. d/b/a Chase Professionals.

5.  On January 14, 2019, the Committee selected CKR Law LLP ("CKR") as its proposed counsel, subject to the Court's approval.

6.  On February 4, 2019, the Committee filed its application to retain and employ CKR as its counsel.

7.  On February 5, 2019, the Court entered an order granting the application to retain and employ CKR.

8.  On June 3, 2019, David Banker and Gilbert R. Saydah, Jr., the primary attorneys who represented the Committee at CKR, left CKR and moved to MMWR.

**RELIEF REQUESTED**

9.  By this Application, the Committee seeks entry of an Order authorizing and approving the employment of MMWR as its counsel to perform services relating to the Chapter 11 Cases, effective as of June 4, 2019.

10. Section 328(a) of the Bankruptcy Code empowers a committee appointed under section 1102 of the Bankruptcy Code, with the Court's approval, to employ attorneys under section 1103 of the Bankruptcy Code on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis, to perform services for such committee.

11. Pursuant to section 1103(b) of the Bankruptcy Code, an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. MMWR has advised the Committee that, except as disclosed in the Banker Declaration filed with and in support of this Application, it does not hold or represent any other entity having an adverse interest in

3

connection with the Chapter 11 Cases and does not have any connections with the United States Trustee, any person employed by the Office of the United States Trustee, or the Bankruptcy Judge to whom the Chapter 11 Cases are assigned.

12. By retaining MMWR, the Committee will be able to continue working with attorneys Banker and Saydah, who have handled this case on the Committee's behalf. The Committee has selected MMWR because of its attorneys' experience and knowledge. The Committee believes that MMWR is well qualified to represent the Committee in the Chapter 11 Cases.

13. The professional services that MMWR will provide to the Committee include, but are not limited to:

    a. advising the Committee with respect to its rights, duties, and powers in the Chapter 11 Cases;

    b. assisting and advising the Committee in its consultations with the Debtors relative to the administration of the Chapter 11 Cases;

    c. assisting the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with holders of claims and equity interests;

    d. assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and of the operation of the Debtors' businesses;

    e. assisting the Committee in its investigation of the liens and claims of the holders of the Debtors' pre-petition debt and the pursuit of any claims or causes of action revealed by such investigation;

    f. assisting the Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of nonresidential real property and executory contracts, asset dispositions, financing or other transactions and the terms of one or more plans of reorganization for the Debtors and accompanying disclosure statements and related plan documents;

    g. assisting and advising the Committee as to its communications to unsecured creditors regarding significant matters in these Chapter 11 Cases;

    h. representing the Committee at hearings and other proceedings;

    i. reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advise the Committee as to their propriety;

    j. preparing, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing as may be necessary in furtherance of the Committee's interests and objectives in these Chapter 11 Cases, including without limitation, the preparation of retention papers and fee applications for Committee professionals including, MMWR; and

    k. performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

    14. Subject to the Court's approval and pursuant to sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules of this Court and the rules and other procedures which this Court may fix, the Committee requests that MMWR be

compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that MMWR incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

15. MMWR's standard hourly rates are as follows:

| | |
|---|---|
| Partners | $360 - 785[2] |
| Senior Counsel | $555 - $655 |
| Of Counsel | $320 - $655 |
| Associates | $315 - 425 |
| Paralegals and Assistants | $240 - 275 |

16. MMWR has agreed to a discount of 15% from its current, regular hourly rates, and the rates of attorneys Banker and Saydah are the same as they were at CKR.

17. The hourly charges set forth above are based upon the experience and expertise of the attorney or legal assistant involved. MMWR has agreed that with respect to its retention in Debtors' cases, that it will not increase its hourly rates for the duration of the Debtors' cases.

18. MMWR has further agreed to not bill the Debtors' estates for non-working travel time incurred in rendering services to the Committee in these Chapter 11 Cases.

19. The Committee understands that any compensation and expenses paid to MMWR must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules, and any Orders of this Court respecting compensation of professionals.

20. MMWR shall request reimbursement of its actual and necessary out-of-pocket expenses incurred in connection with providing legal services. Among other things, MMWR charges its clients for photocopying, scanning, digitizing and document imaging/coding,

---

[2] David Banker and Gilbert Saydah each bill at a standard hourly rate of $695. At the agreed to 15% discount, their standard hourly rate is approximately $590 per hour.

6

postage, facsimiles, international telephone calls, travel, delivery, computerized research, expert witnesses, deposition and court reporting transcripts and other fees, and videography fees and costs. MMWR will also seek reimbursement for all court filing fees. Court filing fees are not part of the MMWR Fee. Any single out-of-pocket expense in excess of $1,500.00 will require prior approval from the Committee (which may be given by e-mail). MMWR, however, will not seek reimbursement of secretarial or other overtime charges. The Committee has been assured that MMWR will charge the Committee for these expenses at rates consistent with charges made to other MMWR clients, and subject to all applicable fee guidelines.

21. The Committee submits that the terms and conditions of for MMWR's proposed engagement, which were negotiated at arms-length, are reasonable and appropriate under Bankruptcy Code Section 328(a).

22. MMWR has not represented the Committee in the twelve months preceding the Petition Date.

23. The Committee requests that MMWR be allowed compensation for its services and reimbursement for its expenses in accordance with Bankruptcy Code Sections 328 and 330 upon submission of appropriate applications and in compliance with all applicable fee guidelines.

24. To the best of the Committee's knowledge and as set forth in the Banker Declaration submitted herewith, MMWR represents no other entity in connection with these Chapter 11 Cases, is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and does not hold or represent any interest adverse to the Committee with respect to the matters upon which it is to be employed.

25. No previous application for relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit C, authorizing the Committee to retain and employ MMWR as counsel to the Committee, effective as of June 4, 2019, and grant such other and further relief as the Court deems just or proper.

Dated: July 2, 2019

        Respectfully submitted,

        The Official Committee of Unsecured Creditors for Centerstone Linen Services, LLC, *et al.*, d/b/a Clarus Linen Systems, *et al.*

        By: */s/ Michael S. Mandell*
            Michael S. Mandell
            Ryder Truck Rental
            Chairperson of the Committee