Hearing Date: July 19, 2019
Hearing Time: 11:00 a.m.
Hearing Place: Syracuse, New York
Objection Deadline: July 19, 2019 at 11:00 a.m.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Case Nos. |
| CENTERSTONE LINEN SERVICES, LLC, | ) 18-31754 (main case) |
| ATLAS HEALTH CARE LINEN SERVICES CO., LLC, | ) 18-31753 |
| ALLIANCE LAUNDRY & TEXTILE SERVICE, LLC, | ) 18-31755 |
| ALLIANCE LAUNDRY AND TEXTILE SERVICE OF ATLANTA, LLC, and | ) 18-31756 |
| ALLIANCE LTS WINCHESTER, LLC | ) 18-31757 |
| d/b/a Clarus Linen Systems[1], | ) |
| | ) Chapter 11 Cases |
| Debtors. | ) Jointly Administered |

**MOTION BY ATLAS HEALTH CARE LINEN SERVICES CO., LLC d/b/a CLARUS LINEN SYSTEMS FOR AN ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AUTHORIZING ATLAS TO SELL LINEN INVENTORY AND LINEN CARTS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, WITHOUT FURTHER COURT APPROVAL**

Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems ("Atlas"), debtor and debtor in possession in the above-captioned cases, by and through its undersigned counsel, hereby move this Court (this "Motion") for entry of an Order pursuant to sections 105(a) and 363 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing Atlas to sell

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594) ("Centerstone"); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681) ("Atlas"); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284) ("Alliance"); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065) ("Atlanta"); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892) ("Winchester").

the linen inventory and linen carts located at its Syracuse Facility (defined below), free and clear of liens, claims and encumbrances, without further court approval; and (ii) granting such other and further relief as the Court deems just and proper. In support of this Motion, Atlas respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein include sections 105(a) and 363 of the Bankruptcy Code.

## BACKGROUND

3. On December 19, 2018 (the "Petition Date"), Atlas and its affiliates, Centerstone Linen Service, LLC, d/b/a Clarus Linen Systems, Alliance Laundry & Textile Service, LLC, d/b/a Clarus Linen Systems, Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems filed separate, voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court, commencing chapter 11 cases (the "Chapter 11 Cases"). Atlas remains in possession of its respective assets and continue to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

4. On December 20, 2018, the Court entered Orders directing the joint administration of the Chapter 11 Cases pursuant to Rule 105(b) of the Bankruptcy Rules.

5. On January 10, 2019, the Office of United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to 11 U.S.C. §§ 1102(a) and (b).

6. Atlas is a Delaware limited liability company that operates a linen rental and commercial laundry facility at 414 Taylor Street, Syracuse, New York 13202 (the "Syracuse Facility").

7. On July 2, 2019, the Court entered the Fifth Order Amending Final Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing on a Super-Priority, Senior Secured Basis and (B) Use Cash Collateral; (II) Granting (A) Liens and Super-Priority Claims and (B) Adequate Protection to Certain Pre-Petition Lenders; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief [Dkt. No. 516] (the "Fifth DIP Order"). The Fifth DIP Order provides that Atlas shall wind down and discontinue its Syracuse operations by July 19, 2019.

8. The Fifth DIP Order also directed Atlas to send a notice (the "Closure Notice") to all of its customers notifying them that Atlas's last linen delivery to them will occur on July 19, 2019 and that the Syracuse Facility will close permanently on that date. On July 8, 2019, Atlas served the Closure Notice upon all of its Syracuse customers.

9. In addition to notifying the customers of the final delivery and closure, the Closure Notice notifies the customers that, after July 19, they have the option of either: (i) returning all soiled linen and unused clean linen to Atlas, or (ii) purchasing the soiled and unused clean linen from Atlas.

10. Approximately 242,000.00 pounds of linen with an aggregate cost value of $590,300.87 (the "Linen") is currently located with Syracuse customers or at the Syracuse

Facility.  Atlas also owns approximately three hundred linen carts (the "Linen Carts") used to transport the Linens that are located at the Syracuse Facility or with customers.

11.    Since serving the Closure Notice, several customers and linen laundry competitors have contacted Atlas seeking to purchase Linens and Linen Carts.  Atlas, with the consent of its secured lender, HSBC Bank USA, National Association ("HSBC Bank"), and the Committee, seeks to sell the Linens and Linen Carts on an ongoing basis in order to maximize the value of those assets.

## RELIEF REQUESTED

12.    To avoid the unnecessary costs and delays to Atlas's estate associated with obtaining Court approval for each individual sale of Linens or Linen Carts, Atlas requests that the Court enter an order pursuant to sections 105(a) and 363 of the Bankruptcy Code authorizing it to sell, on an ongoing basis, the Linens and Linen Carts upon terms approved by HSBC Bank, in writing and in consultation with the Committee, without the need to obtain further Court approval.  Customers purchasing Linens or Linen Carts will receive a Bill of Sale, but will be required to (i) pay the agreed-to purchase price for the Linens and Linen Carts directly to Atlas's counsel, to be held in escrow, and (ii) pay all of the respective customer's outstanding accounts receivable owed to Atlas directly to Atlas's counsel, to be held in escrow, as a condition to closing of the sale and receiving the Bill of Sale.  No later than three business days following receipt of the foregoing funds, Atlas's counsel shall (i) wire transfer 95% of the Linens and Linen Cart sale proceeds to HSBC Bank and retain 5% of the sale proceeds for the benefit of the estate, and (ii) wire transfer 100% of the accounts receivable collected to HSBC Bank.

13.    Atlas proposes that Ronald Teplitsky, Atlas's Chief Restructuring Officer, be responsible for negotiating and approving all sales of Linens and Linen Carts.  Atlas will first offer the Linens for sale to their respective customer, and if not purchased, it will offer the

Linens to third parties. Mr. Teplitsky will have discretion concerning the quantity and the price of the Linens and Linen Carts sold to each purchaser, subject to approval by HSBC Bank in writing, in consultation with the Committee. Mr. Teplitsky will also provide periodic reports to HSBC Bank and the Committee concerning the Linens and Linen Carts sold.

## DISCUSSION

14.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In order to approve the sale of property outside the ordinary course of business, a bankruptcy court must "find from the evidence presented before [it] at the hearing a good business reason to grant such an application." *See Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983).

15.     Section 105 of the Bankruptcy Code provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

16.     The sales of the Linens and Linen Carts as set forth herein are exercises of sound business judgment and in the best interests of Atlas's estate and its creditors. Sales of these assets in the manner proposed constitute the most efficient and cost-effective means of maximizing the value to be realized. Obtaining Court approval for each such sale transaction would result in unnecessary administrative costs attendant to drafting, serving and filing pleadings, as well as time incurred by attorneys for appearing at Court hearings, which could drastically reduce the ultimate net value of these assets. The proceeds to be generated by the individual transactions do not warrant the incurrence of such expenses. Atlas and its advisors, with the written approval of HSBC Bank and the Committee, are capable of obtaining the best sale price possible.

17. Moreover, the expedited procedures set forth herein will permit Atlas to be responsive to the needs of interested purchasers, thereby guarding against lost sales due to delay, while still providing for a review and approval of the proposed transaction by HSBC Bank and the Committee.

18. Under section 363(f) of the Bankruptcy Code, a debtor may sell property free and clear of liens, claims, and encumbrances if one of the following conditions is satisfied:

    (1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    (2)    such entity consents;

    (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (4)    such interest is in bona fide dispute; or

    (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). *See Citicorp Homeowners Servs. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) (court may approve sale "free and clear" provided at least one of the subsections is met); *In re Healthco Int'l, Inc.*, 174 B.R. 174, 176 (Bankr. D. Mass. 1994) (section 363(f)(5) has been interpreted to mean "a payment constituting less than full payment of the underlying debt"). *See also Cheslock Bakker & Assocs., Inc. v. Kremer (In re Downtown Athletic Club)*, No. M-47 (JSM), 2000 WL 744126, at *3 (Bankr. S.D.N.Y. June 9, 2000) (free and clear sale under the debtor's plan of reorganization was binding on the debtor's creditors who received notice of the confirmation hearings).

19. As the Court is aware, the Linens and Linen Carts are encumbered by HSBC Bank's liens and security interests. HSBC Bank has consented to the sale of the Linens and Linen Carts as set forth herein, thus satisfying section 363(f)(2) of the Bankruptcy Code. In order to facilitate the proposed sale transactions, Atlas therefore requests that the Court authorize

that the sales of the Linens and Linen Carts be free and clear of any and all such liens, claims, and encumbrances (collectively, "Liens") with any such Liens to attach to the sale proceeds.

20. In approving the sales free and clear of Liens, Atlas requests that the Court find and hold that all purchasers of the Linens and Linen Carts are entitled to the protections afforded by section 363(m) of the Bankruptcy Code. Such relief is appropriate in light of HSBC Bank's and the Committee's opportunity to review the sale process and approve the terms of sale to customers, subject to the terms set forth therein. *See Esposito v. Title Ins. Co. of Pa.,* 73 B.R. 616, 620 (Bankr. E.D. Pa. 1987) (good faith purchasers are protected under section 363(m) where notice is provided to lienholders). *See also In re Edwards*, 962 F.2d 641, 645 (7th Cir. 1992) ("a bona fide purchaser at a bankruptcy sale gets good title," even where lienholders have not received notice).

21. The proposed procedures represent the exercise of sound business judgment, are fair and appropriate, and balance the need for an expeditious realization of value and/or reduction of burdensome costs to Atlas's estate while providing advance notice of proposed property dispositions.

22. It is unlikely that any other alternative sale could provide a higher value for the Linens and Linen Carts, which supports the conclusion that Atlas has exercised its good and prudent business judgment in proceeding with this Motion. Moreover, accurate and reasonable notice has been provided to all creditors and relevant parties in interest in compliance with the Bankruptcy Code.

23. No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** Atlas respectfully requests that the Court issue an Order (i) authorizing Atlas to sell the Linens and Linen Carts to its customers or to third parties in its discretion, on terms approved by HSBC Bank in writing and in consultation with the Committee, and free and clear of liens, claims and encumbrances, without further court approval, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: July 15, 2019
      Syracuse, New York

BOND, SCHOENECK & KING, PLLC

By:     /s/ Camille W. Hill
Stephen A. Donato, Bar Roll No. 101522
Camille W. Hill, Bar Roll No. 501876
Andrew S. Rivera, Bar Roll No. 700712
Office and Post Office Address:
One Lincoln Center
Syracuse, New York 13202
Tel: (315) 218-8000
Fax: (315) 218-8100
Email: sdonato@bsk.com
       chill@bsk.com
       arivera@Bsk.com

*Counsel to Atlas and Debtors in Possession*