So Ordered.

Signed this 31 day of July, 2019.

_____

Margaret Cangilos-Ruiz

United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CENTERSTONE LINEN SERVICES, LLC,<br>ATLAS HEALTH CARE LINEN SERVICES CO., LLC,<br>ALLIANCE LAUNDRY & TEXTILE SERVICE, LLC,<br>ALLIANCE LAUNDRY AND TEXTILE SERVICE OF ATLANTA, LLC, and<br>ALLIANCE LTS WINCHESTER, LLC<br>*d/b/a Clarus Linen Systems*[1],<br><br>                                        Debtors. | )<br>)<br>) Case Nos.<br>) 18-31754 (main case)<br>) 18-31753<br>) 18-31755<br>) 18-31756<br>)<br>)<br>) 18-31757<br>)<br>) Chapter 11 Cases<br>) Jointly Administered<br>)<br>) |

**SIXTH ORDER AMENDING FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO (A) OBTAIN POST-PETITION FINANCING ON A SUPER-PRIORITY,
SENIOR SECURED BASIS AND (B) USE CASH COLLATERAL; (II) GRANTING
(A) LIENS AND SUPER-PRIORITY CLAIMS AND (B) ADEQUATE
PROTECTION TO CERTAIN PREPETITION LENDERS; (III) MODIFYING
THE AUTOMATIC STAY; AND (IV) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594) ("Centerstone"); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems (2681) ("Atlas"); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284) ("Alliance"); Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065) ("Atlanta"); and Alliance LTS Winchester, LLC d/b/a Clarus Linen Systems (0892) ("Winchester").

3380672.6

With the consent of the Debtors, the DIP Agent, the DIP Lenders, the Committee and the U.S. Trustee, the provisions set forth in this Court's final debtor in possession financing and cash collateral order entered on February 14, 2019 at Docket No. 234 (the "Final DIP Order")[2], the amended final debtor in possession financing and cash collateral order entered on April 19, 2019 at Docket No. 357 (the "Amended Final DIP Order"), the second amended final debtor in possession financing and cash collateral order entered on May 17, 2019 at Docket No. 430 (the "Second Amended Final DIP Order"), the third amended final debtor in possession financing and cash collateral order entered on June 5, 2019 at Docket No. 463 (the "Third Amended Final DIP Order"), the fourth amended final debtor in possession financing and cash collateral order entered on June 26, 2019 at Docket No. 503 (the "Fourth Amended Final DIP Order") and the fifth amended final debtor in possession financing and cash collateral order entered on July 2, 2019 at Docket No. 516 (the "Fifth Amended Final DIP Order") and subject to all qualifications therein, are hereby amended by this Order, as set forth below. As agreed to by the Debtors, the DIP Agent, the DIP Lenders, the Committee and the U.S. Trustee, the budget attached to this Order as **Exhibit 1** is approved and supplements the Budgets attached to the Final DIP Order, the Amended Final DIP Order, the Second Amended Final DIP Order, the Third Amended Final DIP Order, the Fourth Amended Final DIP Order and the Fifth Amended Final DIP Order[3].

The following amendments ("Amendments") to the Final DIP Order, the Amended Final DIP Order, the Second Amended Final DIP Order, the Third Amended Final DIP Order, the Fourth Amended Final DIP Order and the Fifth Amended DIP Order are hereby approved, which

---

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Final DIP Order.
[3] For purposes of clarity, the amount of $125,000 set forth in the line item "Wind Down Fees & Exp." in the Budget attached hereto as Exhibit 1 does not supplement, and is not in addition to, the amount of "Wind Down Fees & Exp." approved in the budget attached to the Final DIP Order [Docket No. 234-3], but merely restates that line item.

Amendments have been agreed to by the Debtors, the DIP Agent, the DIP Lenders, the Committee and the U.S. Trustee:

1. Clause (iv) of Paragraph 28 of the Final DIP Order, Amended Final DIP Order, Second Amended Final DIP Order, Third Amended Final DIP Order, Fourth Amended Final DIP Order and Fifth Amended DIP Order is deleted and restated as follows:

"(iv)   September 30, 2019."

2. Clause (iii) of Paragraph 35 of the Final DIP Order is deleted and restated as follows:

"(iii) to the extent allowed at any time, whether by interim order, procedural order, or otherwise, all unpaid fees and expenses (the "Allowed Professional Fees") incurred by persons or firms retained by the Debtors or any Committee pursuant to sections 327, 328, 363, and 1113 of the Bankruptcy Code (the "Estate Professionals") at any time before or after delivery by the DIP Agent of a Carve-Out Trigger Notice and included in the Budget at any time for Estate Professionals (including, but not limited to, the $125,000 in Wind Down Fees & Exp.), whether allowed prior to or after delivery of a Carve-Out Trigger Notice (the amounts set forth in this clause (iii) being the "Post Carve-Out Trigger Notice Cap");"

3. Clause (iv) of Paragraph 35 of the Final DIP Order is deleted.

4. The reference to "paragraph 6(a)" in Paragraph 8(b) is corrected to read "paragraph 8(a)".

5. Paragraph 8(c) of the Final DIP Order is deleted and restated in its entirety as follows:

"Notwithstanding the DIP Documents, the DIP Collateral shall not include the "Bankruptcy Recoveries". As used herein, "Bankruptcy Recoveries" shall mean any claims,

3380672.6

causes of action, recoveries and the proceeds thereof, by settlement or otherwise, to which the Debtors (or other parties in interest, including the Committee or a subsequent trust or trustee) may be entitled to assert and/or recover (i) by reason of any avoidance or other power vested in or on behalf of the Debtors or the estates of the Debtors under chapter 5 of the Bankruptcy Code, other than recoveries in respect of those claims or causes of action arising under 11 U.S.C. §§ 549(a)(1) and (a)(2)(B) and claims or causes of action arising under 11 U.S.C. § 542 for the collection of accounts receivable set forth on the schedule of receivables prepared on July 31, 2019 and transmitted via e-mail by Debtors' counsel to the Committee's counsel and HSBC Bank's counsel on July 31, 2019 at approximately 1:08 PM (the "Receivables Schedule"); and (ii) with respect to any commercial tort claims (including, but not limited to, breach of fiduciary claims, if any). Further, the DIP Collateral and Prepetition Collateral shall include the proceeds of claims or causes of action arising under 11 U.S.C. §§ 549(a)(1) and (a)(2)(B) and those arising under 11 U.S.C. § 542 for the collection of accounts receivable set forth on the Receivables Schedule. Notwithstanding anything in this Order to the contrary, Bankruptcy Recoveries shall include any claims, causes of action, recoveries and the proceeds thereof, by settlement or otherwise, to which the Debtors (or other parties in interest, including the Committee or a subsequent trust or trustee) may be entitled to assert and/or recover related to Catholic Health System, Inc., Mercy Hospital of Buffalo, Sisters of Charity Hospital of Buffalo, New York, Kenmore Mercy Hospital, Mount St. Mary's Hospital of Niagara Falls, Altus Management, LLC and their subsidiaries and affiliates, but specifically excluding any such claims or causes of action related to amounts on the Receivables Schedule."

### #

3380672.6