UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

CENTERSTONE LINEN SERVICES, LLC
ATLAS HEALTH CARE LINEN SERVICES CO., LLC
ALLIANCE LAUNDRY & TEXTILE SERVICE, LLC
ALLIANCE LAUNDRY & TEXTILE SERVICE OF ATLANTA, LLC, and
ALLIANCE LTS WINCHESTER, LLC
d/b/a Clarus Linen Systems[1],

              Debtors.
-----------------------------------------------------------X

Case No.:  18-31754 (Main Case)
           18-31753
           18-31755
           18-31756
           18-31757

Chapter 11 Cases
Jointly Administered

**UPSTATE NEW YORK BAKERY DRIVERS AND INDUSTRY PENSION FUND'S OBJECTIONS TO (I) AUTHORIZING ATLAS TO SELL THE SYRACUSE FIXED ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, TO CENTURY LINEN & UNIFORM, INC; (II) AUTHORIZING THE LEASE OF THE SYRACUSE FIXED ASSETS AND THE SUBLEASE OF THE SYRACUSE FACILITY TO CENTURY LINEN & UNIFORM, INC., ON AN INTERIMU BASIS AND *NUNC PRO TUNC*, EFFECTIVE AS OF AUGUST 5, 2019; AND (III) AUTHORIZING ATLAS TO CONSUMMATE ALL RANSACTIONS RELATED TO THE PROPOSED SALE AND LEASES**

Upstate New York Bakery Drivers and Industry Pension Plan, by and through its counsel, Bisceglie & Associates, P.C., submits this Objection to the Notice of Motion by Debtor Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems for Order (I) Authorizing Atlas to sell the Syracuse fixed assets, free and clear of all liens, claims and encumbrances, to Century Linen & Uniform, Inc., (II) Authorizing the lease of the Syracuse fixed assets and the sublease of the Syracuse facility to Century Linen & Uniform, Inc., on an interim basis and n*unc pro tunc*, effective as of August 5, 2019; and (III) Authorizing Atlas to consummate all transactions related to he proposed sale and leases filed on August 9, 2019 (the "Motion") [Dkt.559], and states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Centerstone Linen Services, LLC d/b/a Clarus Linen Systems (5594) ("Centerstone"); Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen System (268`) ("Atlas"); Alliance Laundry & Textile Service, LLC d/b/a Clarus Linen Systems (8284) ("Alliance"' Alliance Laundry and Textile Service of Atlanta, LLC d/b/a Clarus Linen Systems (4065) ("Atlanta"); and Alliance LT Winchester, LLC d/b/a Clarus Linen Systems (0892) ("Winchester").

## FACTS

1. Upstate New York Bakery Drivers and Industry Pension Fund ("the Plan") was established in 1957 through the joint efforts of the Union and Contributing Employers.

2. The Plan provides pension and survivor benefits to eligible participants and their beneficiaries. The Plan currently covers participants under a Collective Bargaining Agreement (the "CBA") with Teamsters Local Nos. 118, 294 and 529.

3. The employees of the Debtors are covered by the Plan, pursuant to the CBA, attached hereto as **Exhibit A**.

4. The Debtors are Contributing Employers of the Plan pursuant to the CBA.

5. On or about February 26, 2018, Counsel provided the Debtor with a detailed estimate of the Debtor's liability if the Debtor completely withdrew from the Fund. *See* **February 2018 Estimate** attached hereto as **Exhibit B**.

6. On or about July 24, 2018, the Plan notified the Debtors that the Plan was going to file an action against the Debtors for their withdrawal liabilities under the Plan (*see* **Exhibit C**).

7. In response, the Debtors made contribution arrearage payments for their Employer Contributions to the Plan in the total amount of $127,435.95 by November 12, 2018. Accordingly, the Plan decided to rescind the Debtors withdrawal liability (*see* **Exhibit D**).

8. Approximately one (1) month later, on or about December 19, 2018, the Debtor, along with several other associated companies, filed for Chapter 11.

9. On April 5, 2019, the Plan filed Form 410, Proof of Unsecured Claim and Section 503(b)(9) Administrative Expense Claim, claiming Withdrawal Liability pursuant to ERISA Sections 4201, 4203 and 4219(b)(1).

10. The amount of the Withdrawal Liability is $2,079,681.00. *See* Notice of Claim and attachments, attached hereto as **Exhibit E**.

## OBJECTION

11. The Plan objects to Debtor Atlas Health Care Linen Services Co., LLC d/b/a Clarus Linen Systems ("Atlas" or "Debtor") Motion to, *inter alia*, sell the Syracuse Fixed Assets free and clear of all liens, claims and encumbrances to Century Linen & Uniform, Inc. ("Century" or "Purchaser"), as it has a priority claim of $2,079,681.00 against Atlas.

12. The Plan further objects to the Motion because Atlas has been aware since at least February 2018 that their withdrawal liability is over two (2) million dollars. Moreover, Century is aware of the withdrawal liability obligation assessed against Atlas (see **Exhibit F**).

13. As set forth in the Plan's Notice of Claim, they maintain a priority claim in the amount of amount $2,079,681.00.

14. The Plan also objects to the sale of assets free and clear of all liens, claims, interests, charges and encumbrances because Atlas and the Purchaser are unable to comply with 11 U.S.C. §365(b). In particular, the Debtor, upon transfer of the CBA, creates a default that cannot be cured, and no adequate assurance of cure is possible.

15. The Plan further objects to the Motion to the extent that the Letter Agreement (*see* **Exhibit 1** of the Motion) specifically stipulates that Century would have no obligations under "any collective bargaining agreement or other labor or employment agreement or pension or employee benefit plan (including any statutory or common law successorship liability in relation to any pension plan or any multiemployer plans to which Atlas, Centerstone or its affiliates have at any time contributed to or had any liability or potential liability, including with respect to unfunded, underfunded and/or withdrawal liability)" (*see* paragraph 30 of the Motion), thereby shirking any and all responsibility that Atlas has under the CBA to the Plan for withdrawal liability by unilaterally terminating same.

16. Additionally, the Plan further objects to Debtors position that "…an added benefit, the transactions with Century will result in the employment of several Atlas employees whose employment

was terminated due to the Syracuse Facility closure…" (*see* Motion at paragraph 25). The Purchaser failed to provide a list of all Atlas employees ("transferred employees") to whom Purchaser has made an offer of employment; and if known, identify whether the offer of employment has been accepted. No such list of transferred employees by the Purchaser has been provided. Consequently, the asset sale would constitute a complete withdrawal under ERISA 4204, 29 USC Section 1384.

17. As set forth in *Tsareff v. Manweb Servs.*, 794 F.3d 841 (7th Cir 2015), a purchaser can be found to have successor liability for withdrawal liabilities where the purchaser had notice of the withdrawal liabilities. Notice can be established by the fact that the Debtors' are parties to the CBA, therefore the Purchaser is fully aware that the Debtor contributed to a multi-employer pension plan on behalf of its Teamster employees, as well as based on receipt of the Plan's Notice of Claim. The Debtors' withdrawal liabilities, therefore, cannot be excluded.

18. Under ERISA Section 4204, an employer selling assets to an unrelated third-party purchaser is relieved of primary withdrawal liability if certain conditions are satisfied: (1) the purchaser assumes substantially the same number of contribution base units that the seller had prior to the sale. [Based upon the Asset Purchase Agreement that benchmark cannot be determined]; (2) The purchaser posts a bond for five (5) years equal to the greater of: (a) average annual contribution required to be made by the seller for the three (3) plan years prior to the plan year in which the sale of the assets occurred; or (b) annual contributions that the seller was required to make for the last plan year prior to the sale of assets; (3) seller be held secondarily liable if the purchase completely or partially withdraws during the five (5) year period following the sale and the purchaser fails to pay its withdrawal liability. Neither the Debtor nor Purchaser have met their obligations under ERISA. Moreover, neither party has provided adequate assurance of future performance.

19. If the seller distributes all or substantially all of its assets or liquidates before the expiration of the five (5) year period, the seller must post a bond or establish an escrow account equal to the present value of the withdrawal liability that the seller would have had but for the application of

ERISA Section 4204. ERISA section 4202 (a) (3). No offer on the posting of a bond or establishing an escrow account has been addressed by the Debtor and/or Purchaser.

20. Therefore, the Debtor/Purchaser have failed to address their obligations under ERISA Section 4204. To allow Debtor/Purchaser to bypass their obligations would undermine the rights and privileges of the hardworking pensioners, as well as survivor benefits to eligible participants and their beneficiaries under the Plan.

21. The Plan, therefore, is entitled to receive payment of $2,079,681.00 upon the assignment and assumption of the CBA.

22. The Plan further objects to the Motion because there has been no demonstration of adequate assurance of future performance as required by 11 U.S.C. §365(b)(1)(C). Furthermore, the Plan does not believe that the Debtor or Purchaser will be able to provide adequate assurance of future performance.

**WHEREFORE**, the Plan respectfully requests that the Court (I) sustain the Plan's objections to the asset sale, (ii) deny the Debtors' Motion to sell assets free of all liens, claims, and encumbrances pending the Debtors and/or Purchaser ability to demonstrate compliance with ERISA, and (iii) requests such other and further relief as may be just and proper.

Dated: Mineola, New York
August 16, 2019

Respectfully submitted,
**BISCEGLIE & ASSOCIATES, P.C.**

Angelo R. Bisceglie, Jr.
1527 Franklin Avenue, Suite 301
Mineola, New York
(516) 414-2900
(888) 688-4206

To:   All Counsel of Record (via CM/ECF notice)